**BAT RENTALS, INC., a Nevada corporation, Appellant,**

v.

**UNITED STATES of America and State of Nevada, Appellees,**

**John Deere Industrial Equipment Co., Intervenor.**

No. 71–1627.

United States Court of Appeals, Ninth Circuit.

April 12, 1973.

---

1. We also followed *Schneider* in United States v. Wolk, 466 F.2d 1143 (8th Cir. 1972).

Ira Hecht (argued), Las Vegas, Nev., for appellant.

Eloise E. Davies (argued), Civil Div., Dept. of Justice, Bart M. Schouweiler, U. S. Atty., Robert R. List, Atty. Gen., L. Patrick Gray, III, Asst. Atty. Gen., Alan S. Rosenthal, Civil Div., Dept. of Justice, Washington, D. C., for appellees.

Before ELY and HUFSTEDLER, Circuit Judges, and CRARY,* District Judge.

ELY, Circuit Judge:

The Nevada Department of Highways invited bids for the furnishing of fourteen front end loaders with a minimum diesel engine horsepower. The loaders were to be used by the Nevada Department primarily for routine maintenance, but it was possible that they would also occasionally be rented and operated by the United States Bureau of Public Roads. The appellant, a Nevada corporation, submitted a bid, as did John Deere Industrial Equipment Co., a Colorado corporation. The contract was awarded to John Deere, whereupon the appellant filed an action for declaratory relief in the District Court. It alleged a violation of certain Nevada revised statutes, Nev.Rev.Stat. §§ 334.005, 334.007, and 334.009, which generally provide bidder preferences for resident dealers and contractors who offer locally manufactured materials and equipment on public contracts. The state statutes allow these preferences only insofar as to do so would not be antagonistic to federal law. The Federal Highway Act, 23 U.S.C. § 112(b), requires the states to solicit competitive bids and to accept low bids on federally aided highway projects, and 23 C.F.R. § 1.19 prohibits price differentials in favor of locally produced materials in respect to such bids. In this case John Deere was the low bidder, and also, according to the Government, the only qualified bidder.

The appellant's complaint against the United States was based upon its general allegation that authorities of the State of Nevada had been erroneously instructed by some representative of the United States that 23 C.F.R. § 1.19 pro-

---

* Honorable E. Avery Crary, United States District Judge, Los Angeles, California, sitting by designation.

hibited the application of Nevada's preference statute in a situation wherein, as here, there existed the possibility that equipment might thereafter be rented from the state and used for federal aid highway projects.

The appellant also sought an injunction restraining Nevada from performing its contract with John Deere, whereupon John Deere intervened. The District Court, after considering various affidavits, dismissed the appellant's suit against the United States with prejudice and dismissed the suit against the State of Nevada, without prejudice.

■ The District Court held that the United States had not given its consent to be sued in a case of this kind. The appellant relies upon 5 U.S.C. § 702 and 5 U.S.C. § 701. Section 702 reads:

> "A person suffering legal wrong *because of agency action,* or adversely affected or aggrieved *by agency action* within the meaning of a relevant statute, is entitled to judicial review thereof." (emphasis added).

Neither the appellant's original complaint nor its amended complaint, nor its affidavits, specify any "agency" of the United States to which it attributes, in part, its aggrievement. It alleged only —and this upon mere information or belief—that some unspecified agency or official of the United States gave erroneous legal advice to the Nevada authorities. This was not enough. It is well established that when a sovereign surrenders its immunity from suit by statute, such a statute must be strictly construed against the surrender of such immunity.

In Mann v. United States, 399 F.2d 672 (9th Cir. 1968), we wrote:

> "[W]e are not free to enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit."

*Id.* at 673. *Accord,* Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9th Cir. 1969); *see* United States v. Sherwood, 312 U.S. 594, 590, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (a statute "must be interpreted in the light of its function in giving consent of the Government to be sued, which consent, since it is a relinquishment of a sovereign immunity, must be strictly interpreted.").

■ Having reached the conclusion that the District Court properly applied the doctrine of sovereign immunity, we need not discuss the Government's alternative contention that the appellant was an unqualified bidder and thus had no standing to maintain the suit. Having dismissed the appellant's action against the United States, the District Court was clearly correct in dismissing the complaint as to the State of Nevada. There remained no diversity of citizenship or substantial federal question; hence, the District Court then lacked the requisite jurisdiction.

If the appellant is correct in its allegation that the Nevada authorities failed to comply with the requirements of Nevada law, its attempt to vindicate its alleged rights must be made in the Nevada courts.

Affirmed.