**SAFEWAY PORTLAND EMPLOYEES' FEDERAL CREDIT UNION, a federal credit union, Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee.**

No. 73–1207.

United States Court of Appeals, Ninth Circuit.

Nov. 18, 1974.

Edward L. Fitzgibbon (argued), Portland, Ore., for appellant.

Cleveland C. Cory (argued) of Davies, Biggs, Strayer, Stoel & Boley, Portland, Ore., for appellee.

## OPINION

Before KILKENNY and SNEED, Circuit Judges, and JAMESON,* District Judge.

SNEED, Circuit Judge:

This case arises out of the failure of the Sharpstown State Bank of Houston, Texas. Plaintiff-Appellant Credit Union is a purchaser of brokered certificates of deposit of the bank. We have previously set out the facts surrounding this transaction. *See* Safeway Portland Employees' Federal Credit Union v. C. H. Wagner & Co., 501 F.2d 1120 (9th Cir., 1974).

In its complaint in this case the Credit Union principally alleges that the Federal Deposit Insurance Corporation (FDIC) violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), by aiding, abetting, and participating in a scheme to defraud the public in connection with the sale of the certificates. It prays for money damages. The Credit Union asserts that the FDIC is subject to suit under its "sue and be sued" authority[1] and asserts jurisdiction under Section 22(a) of the Securities Act of 1933.[2] The district court dismissed the complaint for lack of jurisdiction, finding that the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671–2680, is the exclusive remedy against the FDIC and that the Credit Union had failed to exhaust its administrative remedies as required by that Act.[3] We affirm.

---

* Hon. William J. Jameson, Senior United States District Judge, District of Montana, sitting by designation.

1. 12 U.S.C. § 1819:

    Upon June 16, 1933, the Corporation shall become a body corporate and as such shall have power— . . . Fourth. To sue and be sued, complain and defend, in any court of law or equity, State or Federal. . . .

2. 15 U.S.C. § 77v(a) :

    The district courts of the United States . . . shall have jurisdiction of offenses and violations under this subchapter and . . . of all suits in equity and actions at law brought to enforce any liability or duty created by this title . . .

3. 28 U.S.C. § 2675(a) provides in pertinent part:

    (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

    The Credit Union has not presented its claim to the FDIC.

28 U.S.C. § 1346(b) vests the district courts with exclusive jurisdiction over civil actions for money damages against the United States "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . ." 28 U.S.C. § 2679 states:

(a) The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive.

██ The FDIC is clearly a federal agency and within the coverage of the FTCA. Davis v. FDIC, 369 F.Supp. 277, 279 (D.Colo., 1974); Freeling v. FDIC, 221 F.Supp. 955, 956 (W.D.Okl., 1962), aff'd per curiam, 326 F.2d 971 (10th Cir., 1963). *Cf.* FDIC v. Glickman, 450 F.2d 416, 418 (9th Cir., 1971). The FTCA should therefore be the exclusive remedy for tort claims against it. The Credit Union, however, points to 28 U.S.C. § 2680(h) which provides that the FTCA "shall not apply" to certain intentional torts including misrepresentation and deceit. It then argues that these torts are not "cognizable" within the meaning of 28 U.S.C. § 2679(a) and that therefore, on the claims urged here, the "sue or be sued" authority of the FDIC is not altered by the FTCA. Essentially the same argument was made and rejected in Edelman v. Federal Housing Authority:

Appellant seeks to avoid the statutory policy of governmental immunity clearly established in the Federal Tort Claims Act, 28 U.S.C. § 2680, by several arguments directed toward excluding the facts of this case from the operation of the Act. None of these claims can be accepted. First, he argues that since fraud constitutes an exception to Section 1346 (b), it is not, in the language of the exclusivity clause, 'cognizable under section 1346(b).' But that provision is a broadly drafted jurisdictional statute and all torts are 'cognizable' within its scope. *See* Hatahley v. United States, 351 U.S. 173, 76 S.Ct. 745, 100 L.Ed. 1065 (1956); Aleutco Corp. v. United States, 244 F.2d 674 (3 Cir. 1957); Heyer Products Co. v. United States, 140 F.Supp. 409, 135 Ct.Cl. 63 (1956). However, under Section 2680 the United States has not consented to be sued for certain specified tortious conduct, including the intentional torts here alleged, and there is no basis for applying the exception more narrowly than the Act itself. Indeed, it defies common sense to argue that the intent of Congress was that while remedies for negligent torts had to be pursued subject to the limitations of the FTCA, remedies for intentional torts could be obtained outside of these limitations even though as to most agencies such suits were barred altogether. Such reasoning has been held fallacious in the past. Freeling v. Federal Deposit Insurance Corp., 221 F.Supp. 955 (W.D. Okl.1962), aff'd, 326 F.2d 971 (10 Cir. 1963).

382 F.2d 594, 597 (2d Cir., 1967).

The legislative history is in accord with this "common sense" approach:

This section will place torts of 'suable' agencies of the United States upon precisely the same footing as torts of 'nonsuable' agencies. In both cases, the suits would be against the United States, subject to the limitations and safeguards of the bill; and in both cases *the exceptions of the bill would apply either by way of preventing recovery at all or by way of leaving recovery to some other act,* as, for example the Suits in Admiralty Act. It is intended that neither corporate status nor 'sue and be sued' clauses shall, alone, be the basis for suits for money recovery sounding in tort.

S.Rep. 1400, 79th Cong., 2d Sess., at 33 (emphasis added). The purpose in making the FTCA an exclusive remedy was to permit suit against the United States on certain claims and to prevent suit on those claims, such as misrepre-

**1216**

sentation and deceit, which were excluded. *See,* Edelman v. FHA, *supra;* Goddard v. District of Columbia Redevelopment Agency, 287 F.2d 343 (D.C. Cir.), cert. denied 366 U.S. 910 (1961); Mullins v. First Nat'l Exch. Bank of Va., 275 F.Supp. 712 (W.D.Va.1967); Freeling v. FDIC, *supra;* Jayson, Handling Federal Tort Claims, § 175.02 n. 6 (1974). The "sue or be sued" clause cannot therefore support jurisdiction of a money damages claim against the FDIC when, as here, the alleged act is in the nature of deceit.

▮▮▮▮ The Credit Union further contends that the Securities Act of 1933 itself constitutes a waiver of sovereign immunity and supports jurisdiction. It points out that the anti-fraud section, 15 U.S.C. § 77q, applies to "any person" and that the Act defines "person" to include "a government or political subdivision thereof." 15 U.S.C. § 77b(2). The Securities Act makes no reference to a specific waiver of immunity by the sovereign United States and we have been cited to nothing in the legislative history which would indicate such a purpose. Express statutory consent to suit is essential and will not be implied from statutes that omit all reference to the sovereign. Danning v. United States, 259 F.2d 305, 309 (9th Cir., 1958), cert. denied 359 U.S. 911 (1959). Moreover, statutes which are claimed to be waivers of sovereign immunity are to be strictly construed against such surrender. Bat Rentals, Inc. v. United States, 479 F.2d 43, 45 (9th Cir., 1973). *See* United States v. Sherwood, 312 U.S. 584, 590 (1941). Mere mention of "a government" in the definitional section of the Securities Act does not suffice as consent to suit.

▮▮▮▮ This result is complemented by our reading of the FTCA. The Securities Act cannot be considered alone but must be fit "into the entire statutory system of remedies against the Government to make a workable, consistent and equitable whole." Johansen v. United States, 343 U.S. 427, 432, 72

S.Ct. 849, 853, 96 L.Ed. 1051 (1952); Feres v. United States, 340 U.S. 135, 139, 71 S.Ct. 153, 95 L.Ed. 152 (1950). Tort claims against the United States are governed by the FTCA and comprehensively treated therein. That Act specifically excludes claims based on deceit and misrepresentation. When Congress speaks clearly to bar the road to recovery, Appellants cannot enter through the back door by relying on the broad and ambiguous language of another act.

Judgment affirmed.