FEDERAL DEPOSIT INS. CORP.
as liquidating agent of
SURETY BANK & TRUST CO.
vs.
Dwight L. ROCKWELL
AIR ATLANTIC, INC.

Shirley W. ELDERKIN
vs.
FEDERAL DEPOSIT INS. CORP.
as liquidating agent of
SURETY BANK & TRUST CO.

C.A. No. 78-1291
C.A. No. 78-3039

Superior Court Department
Trial Court of the
Commonwealth of Massachusetts

November 10, 1980

Robert M. Buchanan for the plaintiff.
Laura Steinberg for the plaintiff.
Diana E. Waterous for the defendant.
John J. Gosbee for the defendant.

## MEMORANDUM AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT

These two actions present a common question of law, viz., is the Federal Deposit Insurance Corporation ("FDIC"), acting in its capacity as liquidating agency for a defunct bank, subject to suit in the courts of the Commonwealth for its allegedly negligent failure to redeem shares of stock pledged to the bank as collateral at a time when the shares commanded a higher price than when ultimately realized? The answer is no.

The FDIC commenced the first action to collect the unpaid balance on three notes

executed by Dwight L. Rockwell ("Rockwell") and Air Atlantic, Inc. ("Air Atlantic"). Rockwell and Air Atlantic have counter-claimed for an amount representing the value of certain securities pledged to the bank as collateral for one of the notes, less the amount that is owed upon that note. In the second case, the plaintiff Shirley W. Elderkin ("Elderkin") seeks to recover from the FDIC the value, at or about the time the FDIC took over the defunct bank, of certain securities pledged by Elderkin to the bank as collateral for a note. The FDIC has counter-claimed in this case for the amount still outstanding on the note. Both Rockwell and Air Atlantic as counter-claim plaintiffs, and Elderkin as a direct plaintiff, contend that the FDIC negligently failed to dispose of their collateral in a commercially reasonable manner, and, instead, negligently permitted its value to dwindle, while, at the same time, seeking full recovery upon the notes owed to the bank.

Since the FDIC is a "federal agency" within the scope of 28 U.S.C. §2679(a), **Freeling vs. Federal Deposit Ins. Corp.,** 221 F.sup. 955, 956 (W.D. Okla. 1962) aff'd. 326 F2d 971, 10th cir. 1963), any claim or counter-claim against it sounding in tort, is subject to the jurisdictional requirement of the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. **United States v. Gregory Park, §II, Inc.** 373 F.sup. 317, 350-351 (D.N.J. 1974). See **Safeway Portland Employees Federal Credit Union v. Federal Deposit Ins. Corp.** 506 F.2d 1213, 1215 (9th Cir. 1974).[1]

Since the duty to dispose of the pledged collateral in both cases in a commercially reasonable manner arises by operation of law, G.L. c.106, § 9-504 (compare the 60-day period formerly provided for in G.L. c.255, § §8 and 9), and not by contract, the theory advanced by Rockwell and Air Atlantic as counter-claimants and by Elderkin as plaintiff rests in tort. See **Federal Deposit Ins. Corp. v. The Citizens' Bank & Trust Co.,** 592 F2d 364, 369 (7th Cir. 1979) cert. denied, Citizens' Bank & Trust Co. v. Federal Deposit Ins. Corp., U.S. , 62 L.Ed.

2nd 37 (1979).

Since the Federal Tort Claims Act is the exclusive remedy open to victims of torts committed by employees of federal agencies, 28 U.S.C. §2679(a), and since that remedy may be pursued only in a United States District Court, 28 U.S.C. § §1346(b), 2679(b), this court lacks subject matter jurisdiction over the counter-claim of Rockwell and Air Atlantic in the first case and over the claim of the plaintiff Elderkin in the second.[2]

Accordingly, there being no genuine dispute concerning any of the facts material to this issue of subject matter jurisdiction, (Mass. R. Civ. P. 56[c]), summary judgment shall enter against Rockwell and Air Atlantic in the first case and against Elderkin in the second, both judgments to be without prejudice to their maintaining the instant claims in the proper forum or as equitable defenses. Although Elderkin's action must fail, this court will retain jurisdiction over the counter-claim of the FDIC in that case,

---

[1] The Federal Tort Claims Act represents the exclusive remedy open to victims of torts committed by employees of federal agencies, and an agency's authority to sue or be sued in its own name as appearing in its enabling legislation, here 12 U.S.C. §1819(4) as amended by P.L. 89-695, §205, 80 Stat. 1055 (approved October 16, 1966), is limited by the more specific statutory provisions found in 28 U.S.C. 1346(b) and 2679(a), as amended by P L. 89-506, §5(a), 80 Stat. 307 (approved July 18, 1966), with the net effect that the grant to the FDIC of the power to be sued in its own name does not authorize a claimant to bring a tort action other than one authorized by the Federal Tort Claims Act.

[2] This court expresses no opinion regarding the ability of Rockwell, Air Atlantic and Elderkin to assert their claims of negligence as an equitable defense to the claim of the FDIC against each of them. See United States v. United States Fidelity & Guarantee Co., 309 U.S 506, 511 (1940); Frederic v. United States, 386 F2d, 481, 488 (5th Cir. 1967); In Re Franklin National Bank Security Litigation, 445 F.Supp. 723, 737 (E.D.N.Y. 1978). See also Fed.R.Civ.P. 13(a) and (b) as qualified by 13(d) and construed in United States v. Lashlee, 105 F.Supp. 14 (W.D. Ark. 1952); 3 Moore, Federal Practice, ¶ 13.29 at 13-743. It will be remembered that federal law supplies the rule of decision for the cognate Massachusetts Rule of Civil Procedure, which is identical. Rollins Environmental Services v. Superior Court, 368 Mass. 174, 179-180 (1975).

54

that counter-claim having been timely asserted Mass. R. Civ. P. 54(b).

It is so ordered.
William G. Young
Justice of the Superior Court