**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**Lawrence E. SHINNICK, Defendant.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**MICRO–INFORMATION PUBLISHING, INC., Lawrence E. Shinnick, and Gerald R. Van Diver, Defendants.**

**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**SOFTWARE STRATEGIES, INC., Lawrence E. Shinnick, and Gerald R. Van Diver, Defendants,**

**and**

**Gerald R. VAN DIVER, Third-Party Plaintiff,**

v.

**MIDWEST FRONTIER VENTURES, INC., a Minnesota corporation; Green Valley Publishing, Inc., a Minnesota corporation; Sharedata, Inc., a Minnesota corporation; Charles Newman; and John Zentz, Third-Party Defendants.**

Civ. Nos. 4–85–684 to 4–85–686.

United States District Court,
D. Minnesota,
Fourth Division.

Feb. 6, 1986.

Dina L. Biblin, U.S. Dept. of Justice, Washington, D.C., and Brian E. Palmer, Dorsey & Whitney, Minneapolis, Minn., for Federal Deposit Ins. Corp.

James W. Reuter, Barna, Guzy, Merrill, Hynes & Giancola, Minneapolis, Minn., for Lawrence E. Shinnick.

William Sandry, Eden Prairie, Minn., appeared for Software Strategies, Inc.

Mark Hodkinson, Bassford, Heckt, Lockhart & Mullin, Minneapolis, Minn., for Gerald R. Van Diver, but did not participate in the proceedings.

Steven J. Vodonik, Minneapolis, Minn., for Micro-Information Pub., Inc., but did not participate in the proceedings.

David Allgeyer, Lindquist & Vennum, Minneapolis, Minn., for third-party defendants, but did not participate in the proceedings.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Federal Deposit Insurance Corporation (FDIC) brought four related actions,[1] each alleging that one or more of defendants Gerald R. Van Diver, Lawrence E. Shinnick, Micro-Information Publishing, Inc. (MIP) and Software Strategies, Inc. (SSI) had defaulted on certain notes and other obligations acquired by the FDIC after the failure of the First National Bank of Prior Lake (the "Bank"). In 4–85–686, Van Diver crossclaimed against Shinnick and brought third-party claims against several other parties. In the same action, defendant SSI counterclaimed against the FDIC, alleging breach of contract, negligence, and fraudulent misrepresentation. In all three of the above-titled actions, defendant Shinnick counterclaimed against the FDIC, asserting breach of contract, fraudulent misrepresentation, tortious interference with contract and, in 4–85–686 only, negligence. Shinnick also seeks punitive damages. The matter is now before this court on the FDIC's motion to dismiss all counterclaims for lack of jurisdiction or for failure to state a claim upon which relief can be granted.

*Background*

The various defendants executed or guaranteed various notes, loans, and other obligations with the Bank between November 1983 and April 1984. The FDIC acquired ownership of these obligations, which total several million dollars, in connection with the failure and liquidation of the Bank in May 1984.

Defendant Shinnick states that he and Van Diver entered into extensive negotiations with FDIC officials after the Bank's collapse. He asserts that these negotiations culminated in an agreement between defendants and the FDIC which provided that the FDIC would forebear collection of the obligations and permit MIP to focus its efforts on securing publishing contracts which would enable it to sell its database and pay and retire the obligations at issue in this litigation. On the basis of this agreement, Shinnick states, he arranged for MIP to pay approximately $76,000 to the FDIC and did not seek other sources to help repay his debt. He asserts that he

---

1. *FDIC v. Van Diver,* 4–85–683 is not at issue in the motion now before the court.

has complied with the agreement, but that the FDIC has circumvented it "either by design or otherwise and without justification", by commencing the instant law suit, among other things. Shinnick relies on these assertions in arguing numerous affirmative defenses as well as the counterclaims at issue in this motion.

The FDIC argues that all of the counterclaims must be dismissed because defendants have failed to name the proper party as counter-defendant, to exhaust their administrative remedies under the Federal Torts Claims Act (FTCA), have failed to state a claim upon which relief can be granted under the FTCA, or are otherwise barred by the Statute of Frauds.

*Discussion*

*A. Tort Claims*

The FTCA provides partial waiver of the federal government's sovereign immunity, available only under the conditions and according to the procedures provided in that Act. The parties apparently agree that the defendants have not stated proper counterclaims under the FTCA.[2] The parties further agree, however, that the FTCA is not the only means by which the United States waives immunity. It is undisputed that the FDIC waives immunity

> as to claims of the defendants which assert matters in recoupment—arising out of the same transaction or occurrence which is the subject matter of the government's suit and the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind

or nature to that sought by the government or in the sense of exceeding the amount of the government's claim.

*E.g., Frederick v. United States*, 386 F.2d 481, 488 (5th Cir.1967); 6 Wright & Miller, *Federal Practice and Procedure: Civil § 1427*, pp. 140–141 (1971).

The parties' real dispute centers on whether defendants' tort counterclaims qualify as responsive counterclaims for recoupment or separate claims which may be brought only in conformance with the FTCA. Defendants argue the former, and the FDIC takes the latter position. The parties agree that *Frederick v. United States* lays out the requirements for a claim for recoupment: the claim must (1) arise from the same transaction or occurrence as the government's suit, (2) seek relief of the same kind or nature, and (3) seek an amount not in excess of the governemnt's claim.

It is unnecessary to analyze all three elements because defendants' tort claims clearly fail to satisfy the second requirement, that of seeking relief of the same kind or nature as that sought by the government. The FDIC has sued defendants in contract, seeking to collect on obligations executed or guaranteed by defendants. Defendants counterclaim in tort. Shinnick asserts that the legal basis for his claims is irrelevant, so long as he, like the government, seeks money damages. The cases on which he relies cannot, however, be said to support such a theory.[3] Shinnick's argument—that the requirement that the claims and counterclaims seek relief of the same kind or nature is satisfied

---

2. Defendant SSI did not submit any response to the plaintiff's motion to dismiss counterclaims until the day of the hearing. SSI's brief responsive memo might be read to suggest that it had asserted a valid counterclaim pursuant to the FTCA. Such an argument would be erroneous; it is clear that the FTCA claims may be brought only against the United States and not against its agencies. 28 U.S.C. § 2679(a); *Peak v. Small Business Administration*, 660 F.2d 375 (8th Cir. 1981); *Safeway Portland Employees' Federal Credit Union v. FDIC*, 506 F.2d 1213 (9th Cir. 1974). SSI could not cure its claim under the FTCA by naming the United States as counter-defendant; the FDIC, not the United States, is the plaintiff in this lawsuit. Even assuming that

SSI named the United States as a third-party defendant, its claim would fail under the Federal Torts Claims Act. *See, e.g., Northridge Bank v. Community Eye Care Center, Inc.*, 655 F.2d 832, 836 (7th Cir.1981) (defendant cannot assert separate claims against third-party even though it arises out of same general set of facts; there must be attempt to pass on liability asserted against the defendant).

3. In *FSLIC v. Williams*, 599 F.Supp. 1184 (D.Md. 1984), the court permitted defendants to proceed with certain tort counterclaims against the FSLIC, but the FSLIC's original action against those defendants was in tort. *Complaint of American Export Lines*, 568 F.Supp. 956 (S.D.N.

when only money damages are sought—would make that requirement meaningless. Defendants have not cited, and the court is not aware of, an asserted counterclaim for recoupment which did not involve money damages. Accordingly, the court finds that defendants' counterclaims in tort are not claims for recoupment, but independent separate claims. The FDIC has not waived is sovereign immunity concerning these tort claims and the FDIC is therefore entitled to have them dismissed for lack of subject matter jurisdiction.[4]

### Contract Claims

Defendants' counterclaims in contract raise entirely different issues. The United States does not assert that it is immune from these counterclaims, but argues that it never entered into a contract with Shinnick and that even if it had entered into an oral contract, that contract would be barred by the Statute of Frauds. Shinnick argues in response that the parties did enter into a contract and that he anticipates that discovery will disclose written evidence of this agreement. Moreover, Shinnick argues, the agreement is outside the Statute of Frauds on either of two theories. First, the agreement could have been performed in less than one year. *Minn.Stat.* § 513.01. Second, Shinnick partially performed the agreement and "the relationship of the parties, as shown by their acts rather than by the alleged contract, cannot be reasonably explained except by reference to some contract between them." *Burke v. Fine,* 51 N.W.2d 818, 820 (1952). The court finds that the parties arguments turn on factual questions which may well be clarified during discovery. Accordingly, dismissal under 12(b)(6) would be inappropriate and summary judgment premature.

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Plaintiff's motion to dismiss defendants' counterclaims is granted insofar as it seeks dismissal of counterclaims sounding in tort and denied insofar as it seeks dismissal of counterclaims sounding in contract.

2. The following counterclaims are dismissed for lack of subject matter jurisdiction:

a. Defendant Lawrence E. Shinnick's counterclaims for fraudulent misrepresentation and tortious interference with contract in *FDIC v. Shinnick,* Civ. No. 4–85–684, and *FDIC v. Micro Information Publishing, Inc.,* Civil No. 4–85–685.

b. The counterclaims of defendant Software Strategies, Inc. for negligence and fraudulent misrepresentation and defendant Shinnick's counterclaims for fraudulent misrepresentation, tortious interference with contract, and negligence in *FDIC v. Software Strategies, Inc.,* Civ. No. 4–85–686.

---

Y.1983) involved even more similar claims: both parties brought contract actions for damages resulting from cargo lost in a collision of ships; the court refused to dismiss tort counterclaims on a theory at issue there, that the claims were valid under the Suits in Admiralty Act.

**4.** The court need not reach the FDIC's other arguments for dismissal of the tort counterclaims because it finds this issue dispositive.