**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,**

v.

**CORNING SAVINGS & LOAN ASSOCIATION, Defendant.**

No. J–C–87–195.

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Sept. 29, 1988.

H. Keith Morrison, Wright, Lindsey & Jennings, Little Rock, Ark., Jeffrey Axelrad, Dina Biblin, and Richard K. Willard, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

H. David Blair, Batesville, Ark., for defendant.

## ORDER

ROY, District Judge.

Before the Court is the plaintiff's Motion to Dismiss the Counterclaims on the grounds that the Court lacks subject matter jurisdiction over the counterclaims and the counterclaims fail to state a claim upon which relief can be granted. Defendant has responded, and the matter is ripe for determination.

The plaintiff asserts three major grounds in support of the motion: (1) Absent a waiver of sovereign immunity, this Court lacks jurisdiction over the counterclaims; (2) the counterclaims fail to state a cause of action against the FDIC in its corporate capacity to the extent they allege acts or omissions of the insolvent bank because the FDIC is not liable for acts of the bank or its officers; and (3) in Count II, to the extent it alleges acts or omissions of the FDIC in its corporate capacity, must be dismissed for lack of subject matter jurisdiction pursuant to the requirements of and exceptions to the federal tort claims act.

A brief recitation of the facts as set out in the pleadings is necessary. According to the allegations in the complaint, on or about June 15, 1984, the Bank Commissioner of the State of Arkansas determined that the Corning Bank ("Bank") was insolvent. The Commissioner ordered the Bank closed, took possession of its assets and affairs and tendered to the FDIC the appointment as Receiver of the Bank. The FDIC accepted appointment as Receiver of the Bank and purchased from the Receiver certain assets and interests of the Bank. It is alleged that the assets at issue in this case were among those assets purchased.

As of June 15, 1984, the Bank maintained three certificates of deposit and a passbook account with defendant Corning Savings and Loan Association ("Association"). On March 28, 1986 the defendant charged against the above accounts the sum of $366,009.88.

Plaintiff FDIC contends that the action of the defendant constituted misappropriation and conversion of the FDIC's funds and seeks damages as a result thereof.

Defendant, in its answer, denies that the action constituted misappropriation and conversion, and states that at the time the Bank was declared insolvent, the CD's and passbook account were subject to a possessory and statutory lien in favor of defendant to secure an indebtedness owed defendant by the Bank arising out of its agreement to repurchase certain participations in loans originated by the Bank. Defendant also denies that FDIC had any ownership in such funds other than as receiver of the Corning Bank. In its First Amended Counterclaim, defendant asserts that "These claims are asserted by way of setoff and recoupment only."

Defendant states that prior to the insolvency of the Bank, the Bank sold to the defendant participations in loans which it made to four corporations. The participations were purchased by defendant pursuant to an agreement with the Bank that defendant's participation therein would be for a limited period of time at the end of which the Bank would repurchase defendant's participation in such loan by paying to defendant the amount paid by defendant to the Bank as consideration for the purchase of such participations together with interest thereon at the agreed upon rate. According to the defendant, the repurchase dates, pursuant to the agreement of the Bank, of defendant's participation in all of these loans, were at various dates most of which were prior to liquidation of the Bank. Because the Bank failed to honor its agreement to repurchase from defendant the participations in the aforesaid loans, the defendant asserted its lien over the accounts to secure payment to defendant of the Bank's agreement to repurchase the aforesaid loan participations and on May 24, 1984, advised the Bank that such accounts would be held until all debts owed

defendant were paid. On March 28, 1986, defendant transferred the funds to its own account.

Defendant, in Count I of its counterclaim and first amended counterclaim, contends that it is entitled to recover all sums which it paid to the Bank in connection with defendant's purchase of the loan participations because of material misrepresentations and material omissions by officers of the Bank. Defendant contends that it was induced to purchase the loan participations and is entitled to rescission "of all moneys paid by it, together with interest thereon, which amount was, as of March 28, 1986, $366,509.88."

In Count II of the counterclaim, defendant contends that Corning Bank and FDIC have negligently failed to protect the collateral and have negligently failed to proceed to realize upon the collateral. Because of such negligence, defendant contends that the collateral has greatly diminished in value and the defendant has been damaged in the amount of its investment.

■ It is axiomatic that the United States may not be sued for money damages except as it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Melo v. United States*, 505 F.2d 1026, 1028 (8th Cir.1974). Counterclaims can be maintained only when the government has waived its immunity from suit on that claim. Fed.R.Civ.P. 13(d). *See, e.g., EEOC v. First National Bank of Jackson*, 614 F.2d 1004, 1007 (5th Cir.1980), *cert. denied*, 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981); *United States v. Lockheed L–188 Aircraft*, 656 F.2d 390, 393 (9th Cir.1979); *United States v. Drinkwater*, 434 F.Supp. 457, 460 (E.D.Va.1977).

■ The United States may waive sovereign immunity by statute, such as the Federal Tort Claims Act. Additionally, when the United States files suit, it waives sovereign immunity as to compulsory counterclaims, such as those in recoupment. *FDIC v. Citizens Bank and Trust Co.*, 592 F.2d 364, 373 (7th Cir.1979), *cert. denied*, 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979).

■ Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim. *First National Bank of Louisville v. Master Auto Service Corp.*, 693 F.2d 308, 310, n. 1 (4th Cir.1982), citing 6 C. Wright & A. Miller, *Federal Practice and Procedure*, Civil § 1401 (1971 and Supp.1982). In *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir.1967), the Court laid out the requirements for a claim of recoupment. The claim must (1) arise from the same transaction or occurrence as the government's suit, (2) seek relief of the same kind or nature, and (3) seek an amount not in excess of the government's claim. *Id.*

■ In the case *sub judice*, the subject matter of FDIC's suit is the deposit of funds which had been deposited with the Association. The Association's counterclaims concern misrepresentations and omissions relating to four participation loans and failure to protect collateral involved in the four participation loans. Said participation loans are independent and unrelated to the Bank's deposits at the Association. *See, FDIC v. Citizens Bank and Trust Co., supra.* The counterclaims also exceed in amount the money damages claimed by the FDIC. Therefore, the counterclaims cannot be properly classified as claims in recoupment, even though defendant has named them as such.

■ Furthermore, as stated by plaintiff, not only do the counterclaims arise out of a separate transaction or occurrence from the FDIC's claim, but they are directed to persons who are not "an opposing party" under Fed.R.Civ.P. 13(a). Count I in its entirety and certain allegations of Count II are directed to negligence of the officers and directors of the Bank. The officers and directors of the Bank are not the plaintiff in this case. Any liabilities arising from negligence of the failed Bank's officers may be pursued against the Bank only by asserting claims against the FDIC as Receiver of the Bank. The Receiver is not

a party to this litigation. Counterclaims against the Receiver may not be sustained in an action brought by the FDIC in its corporate capacity. *FDIC v. La Rambla Shopping Center, Inc.*, 791 F.2d 215 (1st Cir.1986); *In re F & T Contractors, Inc.*, 718 F.2d 171 (6th Cir.1983).

Nor can the counterclaims be asserted as a setoff. A setoff is a counterclaim arising from an independent claim which the defendant has against the plaintiff. *First National Bank of Louisville v. Master Auto Service Corp., supra.* As stated earlier, only compulsory counterclaims in recoupment have been held to waive the sovereign immunity of the United States when it institutes suit. *See, e.g., Jicarillo Apache Tribe v. Andrus*, 687 F.2d 1324, 1345 (10th Cir.1982); *In re Oxford Marketing, Ltd.*, 444 F.Supp. 399, 403 (N.D.Ill. 1978); *Frederick v. United States, supra; FDIC v. Citizens Bank and Trust Co., supra.*

Defendant contends that sovereign immunity is waived in this instance by statute —12 U.S.C. § 1819, Fourth, which provides that the FDIC "shall become a body corporate and as such shall have power ... to sue or be sued, complain and defend, in any court of law or equity, State or Federal." Defendant cites *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir.1981) for the proposition that tort claims constitute a waiver of sovereign immunity. He further contends that the result of such case is that the district courts have jurisdiction over all claims against the FDIC other than those that fall within the purview of the FTCA. Defendant next argues that sovereign immunity has been waived in this case by the filing of suit, citing *Federal Savings & Loan Insurance Corp. v. Quinn*, 419 F.2d 1014 (7th Cir.1969).

Defendant concedes that the waiver of sovereign immunity, when predicated upon the filing of the suit, is limited to compulsory counterclaims. In *Quinn*, cited by defendant, the court held that the FSLIC, by filing suit on a note, had not waived its sovereign immunity as to tort counterclaims which were "permissive counterclaims," different in kind from the claims alleged by the plaintiff. *Id.*, 419 F.2d at 1017. Clearly, the claim in Count I does not fit within the definition of compulsory counterclaim.

■] Defendant also argues that Count I in the Counterclaim is not a tort, but is a claim for rescission. The Court agrees with plaintiff's analysis that even if Count I is considered a claim for rescission, it still cannot be brought even under the "sue and be sued" clause if it fails to state a claim against the FDIC. As stated earlier, the FDIC in its corporate capacity cannot be held liable for the acts or omissions of the failed bank. Defendant's arguments on this issue must fail.

With respect to the allegations in Count I against the Bank, the defendant is essentially suing the FDIC for liabilities of the FDIC as Receiver for the failed bank, and one cannot sue the FDIC Corporate for acts of the Receiver, since the FDIC in its corporate capacity is not liable for those actions. *In re F & T Contractors, supra*, 718 F.2d at 180; *FDIC v. Citizens Bank and Trust, supra. See also FDIC v. La Rambla Shopping Center, supra*, 791 F.2d at 220.

■ With respect to the allegations in Count II of negligence by the FDIC in failing to protect and realize upon collateral, the Court finds that the Association's real claim is against the Bank and not against the FDIC in its corporate capacity. However, even as to the allegations about acts or omissions of the FDIC in its corporate capacity, the allegations must be dismissed for lack of subject matter jurisdiction. The Federal Torts Claims Act is the exclusive remedy as to the tortious claims in Count II, and when suing pursuant to the Federal Tort Claims Act, the United States is the proper party. *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); *Bor–Son Building Corp. v. Heller*, 572 F.2d 174 (8th Cir.1978).

Even if the Court allowed the pleading to be amended to assert the claim against the United States, the claim would nevertheless fail for failure to bring an administrative claim. *Wollman v. Gross*, 637 F.2d 544 (8th Cir.1980), *cert. denied*, 454 U.S. 893,

102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Melo v. United States*, 505 F.2d 1026, 1928 (8th Cir.1974). Furthermore, the exception to this requirement found in 28 U.S.C. § 2675(a) is not applicable because it has been held to apply only to compulsory counterclaims. *Spawr v. United States*, 796 F.2d 279, 281 (9th Cir.1986).

The FDIC argues two additional points in support of their position: (1) that the counterclaim must be dismissed because it arises under the discretionary function exception to the FTCA; and (2) the counterclaim must be dismissed because it fails to allege an actionable duty of the FDIC to the defendant. Because of the Court's holding above, it is not necessary to address these arguments. However, the Court found the FDIC's arguments persuasive.

The defendant attempts to deny the applicability of the Federal Tort Claims Act by stating that the true nature of the claim in Count II lies in contract, or breach of fiduciary duty. Defendant also argues that the Court is required to give a broad reading of the "same transaction or occurrence" requirement for compulsory counterclaims, and in doing so, should consider Count II a compulsory counterclaim. Even if the Court accepted defendant's argument that the claim sounds in contract, it would nevertheless fail because the claim is not a compulsory counterclaim. Fed.R.Civ.P. 13(a). Because of this holding, it is not necessary to reach the arguments relating to the language contained in the loan participation agreements.

Based upon the foregoing legal authority, the Court hereby finds that the counterclaims should be, and are hereby dismissed.