**RESOLUTION TRUST CORPORATION, a Conservator for Independence Federal Bank, Plaintiff,**

v.

**Jack PLUMLEE, Defendant,**

v.

**Robert BAYS, Third Party Defendant.**

**No. B–C–90–05.**

United States District Court, E.D. Arkansas, N.D.

Sept. 7, 1990.

---

Robert D. Smith, III, Little Rock, Ark., for third party defendant.

## MEMORANDUM AND ORDER

SUSAN WEBBER WRIGHT, District Judge.

Independence Federal Bank (IFB) originally brought this action for recovery on certain promissory notes executed by Defendant Jack Plumlee. The Federal Home Loan Bank Board placed IFB into conservatorship on February 16, 1989 and appointed the Federal Savings and Loan Insurance Corporation (FSLIC) as conservator with the Federal Deposit Insurance Corporation (FDIC) acting as managing agent. The Resolution Trust Corporation (RTC), created pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA), succeeded the FSLIC as conservator for IFB and was substituted as party plaintiff in the present action on January 29, 1990. *See* 12 U.S.C. § 1441a(b)(6). RTC removed the case to federal court on February 12, 1990 pursuant to 12 U.S.C. § 1441a(*l*).

Summary judgment was granted in favor of RTC on the promissory notes. *See Resolution Trust Corp. v. Plumlee*, No. B–C–90–05, 1990 WL 143348 (E.D.Ark. filed Aug. 7, 1990). Prior to removal to federal court, Defendant Plumlee filed a third-party complaint and counterclaim in state court, alleging that Third–Party Defendant Bays, in the course and scope of his employment as President of IFB, repeatedly made defamatory remarks about the Defendant in the presence of other employees of IFB and to the general public.[1] While the allegations of defamation did not arise out of the same transaction as the promissory notes on which RTC sued, the Defendant asserted his counterclaim as a setoff against his liability on the notes. By Order filed August 7, 1990, this Court denied RTC's motion to strike or dismiss the counterclaim, but raised *sua sponte* the ques-

Robert L. Brown and T. Martin Davis, Little Rock, Ark., for plaintiff.

Gary Vinson, Batesville, Ark., for defendant.

---

1. The defamation claim rests upon alleged statements made on January 31, 1989, and March 3, 1989. RTC acknowledges that by this period of time IFB was operating under a consent decree with the FSLIC and that the FDIC had brought in Robert Bays to manage the institution. RTC also admits that the March statements are alleged to have occurred after IFB was placed under FSLIC conservatorship.

tion of whether the Court has subject matter jurisdiction to proceed on the counterclaim. The Court asked the parties to brief the question of whether federal law permits RTC to be sued in its capacity as conservator of a federal depository institution on an unrelated counterclaim in tort arising from the acts or omissions of an officer of that institution.

RTC argues that the defamation counterclaim can be pursued only under the Federal Tort Claims Act (FTCA) since RTC is an agency of the United States and the counterclaim is a tort claim independent of the original action to collect on promissory notes. Accordingly, because the FTCA requires such a claim to be brought against the United States, and the United States is not a party to this action, RTC contends that the defamation counterclaim should be dismissed as a matter of law. In support, RTC relies on various cases involving counterclaims asserted against the FDIC.[2] *See, e.g., FDIC v. Manatt,* 723 F.Supp. 99 (E.D. Ark.1989); *FDIC v. Corning Sav. & Loan Ass'n,* 696 F.Supp. 1245 (E.D.Ark.1989); *FDIC v. Shinnick,* 635 F.Supp. 983 (D.Minn.1986). RTC argues alternatively that, if the FTCA does not apply to the counterclaim, the Court still has original jurisdiction under 12 U.S.C. § 1441a(*l*)(1), which provides that any civil action to which RTC is a party shall be deemed to arise under the laws of the United States and federal district courts shall have original jurisdiction over such proceedings.

Mr. Plumlee argues, on the other hand, that the Court has no independent basis for retaining jurisdiction over a state law counterclaim for defamation which does not arise from the same transaction or occurrence as the original complaint. Since RTC's claim on the promissory notes has been determined by summary judgment, he urges the Court to remand the remaining state law claim to state court in the interests of judicial economy, convenience, and fairness.

The newly-created RTC is an "instrumentality of the United States," 12 U.S.C. § 1441a(b)(1)(A), and, when acting as a conservator or receiver of an insured depository institution, "shall be deemed to be an agency of the United States to the same extent as the Federal Deposit Insurance Corporation when it [the FDIC] is acting as a conservator or receiver of an insured depository institution." *Id.* § 1441a(b)(1)(B). The conservatorship powers of RTC are set forth in 12 U.S.C. § 1441a(b)(4). This subsection likewise provides that RTC "shall have the same powers and rights to carry out its duties with respect to institutions described in paragraph (3)(A) as the Federal Deposit Insurance Corporation has under sections 11, 12, and 13 of the Federal Deposit Insurance Act [12 U.S.C. §§ 1821, 1822, and 1833] with respect to insured depository institutions...." *Id.* The powers and duties of the FDIC as a conservator or receiver of insured depository institutions are specified in 12 U.S.C. § 1821(d). As conservator, the FDIC (and thus RTC) succeeds to all rights, titles, powers, and privileges of the institution, and may take such action as necessary to put the institution in sound and solvent condition, to carry on the business of the institution, and to preserve and conserve the assets and property of the institution. 12 U.S.C. § 1821(d)(2)(A) and (C).

■ The United States has sovereign immunity and, consequently, can be sued only to the extent it has consented to be sued, and only in the manner established by law. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Thus counterclaims against the United States pursuant to Fed.R.Civ.P. 13(d) can be maintained only when the government has consented to or waived its immunity from suit on that claim. *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481, 1490–91 (10th Cir.1984); *United States v. Lockheed L–188 Aircraft,* 656 F.2d 390, 393 (9th Cir.1979). Since RTC, like the FDIC, is an instrumentality and agency of

---

**2.** 12 U.S.C. § 1441a(b)(4) grants RTC the same powers and rights as the FDIC has under 12 U.S.C. §§ 1821, 1822, and 1823. These include the powers and rights of the FDIC when acting in its capacity as conservator or receiver. *See* 12 U.S.C. § 1821(d).

the United States, Mr. Plumlee cannot pursue his counterclaim unless federal law specifically authorizes such action. *See, e.g., FDIC v. Hartford Ins. Co. of Illinois,* 877 F.2d 590 (7th Cir.1989), *cert. denied sub nom., American Ins. Co. v. United States,* — U.S. —, 110 S.Ct. 865, 107 L.Ed.2d 948 (1990); *FDIC v. La Rambla Shopping Center,* 791 F.2d 215 (1st Cir. 1986); *Safeway Portland Employees' Federal Credit Union v. FDIC,* 506 F.2d 1213 (9th Cir.1974).

■ The FTCA provides a partial waiver of the federal government's sovereign immunity, but only under the conditions and exceptions specified in the Act. *See* 28 U.S.C. §§ 1346, 2671–80. Of particular significance is the exemption of the United States from liability for most intentional torts. The FTCA states that federal courts are denied jurisdiction over "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." *Id.* § 2680(h). Mr. Plumlee's counterclaim for defamation clearly falls within this exception to the FTCA.[3] *See, e.g., Freeling v. FDIC,* 221 F.Supp. 955 (W.D.Okla.), *aff'd,* 326 F.2d 971 (10th Cir.1962) (plaintiff could not maintain action against FDIC for alleged slander by general counsel of FDIC). Thus, in this instance, the FTCA does not waive sovereign immunity and permit Mr. Plumlee to sue RTC.[4]

■ The FTCA is not the only means by which the United States waives immunity. When the government files suit, it waives sovereign immunity as to compulsory counterclaims, such as those in recoupment.[5] *See, e.g., United States v. Johnson,* 853 F.2d 619 (8th Cir.1988); *FDIC v. Citizens Bank and Trust Co.,* 592 F.2d 364, 373 (7th Cir.1979), *cert. denied,* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1980); *FSLIC v. Smith,* 721 F.Supp. 1039, 1042 (E.D.Ark.

3. The counterclaim alleges that Mr. Bays, while in the course and scope of his employment with IFB, "repeatedly made disparaging and defamatory remarks concerning the Defendant, by name, in the presence of other employees of Independence Federal Bank and to the general public conveying the impression that the Defendant was a criminal and a crook and repeatedly implied that the Defendant was guilty of crimes." Defendant's Third–Party Complaint and Counterclaim, para. 4.

4. Courts disagree over the extent to which the FDIC (and by implication RTC) in its capacity as conservator or receiver of an institution may be held liable for torts committed by officers or directors of that institution. In *FDIC v. Corning Sav. & Loan Ass'n,* 696 F.Supp. 1245, 1247–48 (E.D.Ark.1988), the court held that the FDIC in its corporate capacity could not be held liable for acts or omission of the failed bank, but recognized in dicta that "[a]ny liabilities arising from negligence of the failed Bank's officers may be pursued against the Bank only by asserting claims against the FDIC as Receiver of the Bank." In *FSLIC v. Smith,* 721 F.Supp. 1039, 1048 (E.D.Ark.1989), the court stated in dicta that "ordinarily the FSLIC is not liable to those injured by the actions of regulated institutions or the agents of those institutions. The regulatory authority of the FSLIC was created to allow the agency to protect its insurance funds, not to establish a deep pocket to reimburse those who would not have lost money had the agency taken greater steps to protect them." Because the Court finds that sovereign immunity has not been waived with respect to the defamation claim against RTC, the Court does not reach the question of whether RTC as conservator may be liable for the intentional acts of Mr. Bays had immunity been waived.

Furthermore, it is generally recognized FTCA claims may be brought only against the United States and not against its agencies. *See, e.g., Safeway Portland Employees' Federal Credit Union v. FDIC,* 506 F.2d 1213 (9th Cir.1974); *FDIC v. Manatt,* 723 F.Supp. 99 (E.D.Ark.1989); *FDIC v. Corning Sav. & Loan,* 696 F.Supp. 1245 (E.D. Ark.1988); *FDIC v. Shinnick,* 635 F.Supp. 983 (D.Minn.1986). However, since Mr. Plumlee cannot assert his counterclaim for defamation under the FTCA, the Court does not need to decide whether the counterclaim should be dismissed because the United States is not joined as a party to the action.

5. Recoupment is "the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim." *FDIC v. Corning Savings & Loan Assoc.,* 696 F.Supp. 1245, 1247 (E.D.Ark.1988). In *Frederick v. United States,* 386 F.2d 481, 488 (5th Cir.1967), the court stated three requirements for a claim of recoupment: the claim must (1) arise from the same transaction or occurrence as the government's suit, (2) seek relief of the same kind or nature, and (3) seek an amount not in excess of the government's claim. Mr. Plumlee's counterclaim is clearly not a claim for recoupment.

1989); *FDIC v. Corning Sav. & Loan*, 696 F.Supp. 1245, 1247–48 (E.D.Ark.1988). A compulsory counterclaim "arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim...." Fed.R.Civ.P. 13(a).

Both parties agree that the alleged defamation arose out of transactions or occurrences unrelated to RTC's claim on the promissory notes. Indeed, Mr. Plumlee admits that he filed the counterclaim merely to offset his liability on the notes. In *FSLIC v. Quinn*, 419 F.2d 1014, 1017 (7th Cir.1969), the court held that the FSLIC, by filing suit on a note, had not waived sovereign immunity as to "permissive counterclaims" in tort raised by the defendant. The counterclaim Mr. Plumlee asserts as a setoff is clearly permissive, not compulsory. Consequently, RTC has not waived sovereign immunity by filing suit against Mr. Plumlee on the promissory notes.

█ Nor does the "sue and be sued" clause of 12 U.S.C. § 1441a(b)(10)(F) provide a basis on which Mr. Plumlee can proceed against RTC. The FTCA provides that "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title [i.e., the jurisdictional provision of the FTCA], and the remedies provided by this title in such cases shall be exclusive." 28 U.S.C. § 2679(a). In *FDIC v. Citizens Bank & Trust Co.*, 592 F.2d 364 (7th Cir. 1979), the court held that section 2679(a) precludes suits under the sue-and-be-sued clauses even when one of the section 2680 exemptions prevents the imposition of liability on the United States.[6] Furthermore, 12 U.S.C. § 1441a(b)(10)(F) specifies that RTC may "sue and be sued *in its corporate capacity* in any court of competent jurisdiction." *Id.* (emphasis added). In the present case, RTC is not suing Mr. Plumlee in its corporate capacity, but rather in its capacity as conservator for IFB.[7]

In sum, the Court finds that RTC may not be sued under the FTCA for the alleged defamatory acts by Mr. Bays. Nor has sovereign immunity been waived by virtue of the sue-and-be-sued clause or a compulsory counterclaim. Therefore, the Court must dismiss Mr. Plumlee's counterclaim as a matter of law.[8]

The Court is not unsympathetic to Mr. Plumlee's plight, and did in fact withhold

---

**6.** In *Woodbridge Plaza v. Bank of Irvine*, 815 F.2d 538 (9th Cir.1987) (relying on *Franchise Tax Bd. v. United States Postal Service*, 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed.2d 446 (1984)), the Ninth Circuit construed the "sue and be sued" language in 12 U.S.C. § 1819 (Fourth) as a general waiver of sovereign immunity for claims against the FDIC that were not within the exclusive purview of the FTCA. However, the court accepted the holding in *Citizens Bank* that the FTCA withdrew the sue-and-be-sued liability of the FDIC with respect to claims both covered and excluded by the FTCA. 815 F.2d at 543–44. The present case is unlike *Franchise Tax Board*, which involved a state garnishment action against the Postal Service. The garnishment action did not sound in tort and therefore was not cognizable under 28 U.S.C. § 1346(b).

Even if 12 U.S.C. § 1819 (Fourth) does act as a general waiver of sovereign immunity as to claims against the FDIC, such a waiver would not necessarily apply to RTC. First, under 12 U.S.C. § 1441a(b)(4), RTC is granted the same powers and rights as conservator or receiver of an institution that the FDIC possesses under 12 U.S.C. §§ 1821, 1822, and 1823. Section 1819 (Fourth) is not included and therefore pertains only to the FDIC and not to RTC. Second, the sue-and-be-sued clause applicable to RTC (12 U.S.C. § 1441a(b)(10)(F)) expressly limits this power to RTC acting in its *corporate* capacity. The sue-and-be-sued clause applicable to the FDIC does not contain this limitation and apparently would include the FDIC acting in its capacity as conservator or receiver.

**7.** Courts have recognized the significance of the conservator, receiver, and corporate status distinctions in cases involving the FDIC. *See, e.g., Woodbridge Plaza v. Bank of Irvine*, 815 F.2d 538, 544 (9th Cir.1987) (Fletcher, J. dissenting); *FDIC v. La Rambla Shopping Center*, 791 F.2d 215 (1st Cir.1986); *FDIC v. de Jesus Velez*, 678 F.2d 371 (1st Cir.1982); *FDIC v. Corning Sav. & Loan*, 696 F.Supp. 1245 (E.D.Ark.1988).

**8.** RTC's status as conservator for IFB may change with the Eighth Circuit's ruling in *Arkansas State Bank Comm'r v. The Resolution Trust Corp.*, 911 F.2d 161 (8th Cir.1990), which approved RTC's proposed sale of IFB to Worthen Bank & Trust Co. in Little Rock, Arkansas. In this event, RTC would place IFB in receivership and the limitation on judicial review in 12 U.S.C. § 1821(d)(13)(D)(ii) would foreclose any court from having jurisdiction over "any claim relating to any act or omission of such institution [for which RTC has been appointed receiver] or the Corporation [RTC] as receiver."

entry of judgment on the promissory notes until this issue could be resolved. While foreclosed from suing RTC, Mr. Plumlee may proceed against Mr. Bays individually on the defamation claim. Since the counterclaim against RTC is dismissed, the Court hereby remands the third-party complaint to the Circuit Court of Independence County, Arkansas.

The Court directs the parties to confer and submit to the Court an agreed form of Judgment on the promissory notes within ten days of the entry of this Order.

IT IS SO ORDERED.