951 F.2d 362
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danasiri RATNAWEERA; Pushpa Ratnaweera, Plaintiffs-Appellants,
v.
RESOLUTION TRUST CORPORATION; Imperial Corporation of
America; Churchill Service Corporation; First
Line Mortgage, Inc., et al.,
Defendants-Appellees.
An Van Duong, Intervenor-Appellee.
 No. 90-56073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1991.*
Decided Dec. 27, 1991.
 
 Before WILLIAM A. NORRIS, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danasiri and Pushpa Ratnaweera appeal pro se the district court's order dismissing their action with prejudice for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 41(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, and vacate in part.
 
 
 3
 The Ratnaweeras obtained a loan in the principal amount of $130,000 from First Line Mortgage, Inc. ("First Line") secured by a deed of trust against their real property. The note and deed of trust in favor of First line were subsequently assigned to Imperial Savings and Loan ("ISA"). Due to ISA's insolvency, the Resolution Trust Corporation (RTC") was appointed as the receiver for ISA.
 
 
 4
 The Ratnaweeras' real property which secured the loan from First Line, was sold in a public sale as a result of their default on the loan. Consequently, the Ratnaweeras brought this action against numerous defendants, including the RTC, alleging claims sounding in tort and contract based on the underlying loan agreement.[1]
 
 
 5
 The Ratnaweeras have abandoned their tort claims on appeal, and thus, we will not consider them.[2] The Ratnaweeras, however, continue to assert a contractual claim against the RTC based on the underlying loan agreement with First Line in an attempt to attack the validity of the foreclosure sale. The allegations of breach of contract in the complaint are vague and conclusory. The Ratnaweeras merely assert that with regard to the loan, "[t]he defendants have failed to fulfil the requirements to be performed by them under terms of the said agreement."
 
 
 6
 We agree with the district court that the Ratnaweeras have failed to allege sufficient facts to confer subject matter jurisdiction over their contract claim. Although the district court based its dismissal on Fed.R.Civ.P. 41b), we believe that the grounds for dismissal were more accurately rooted in Fed.R.Civ.P. 12(b)(1), dismissal for lack of subject matter jurisdiction. Ordinarily, a dismissal for lack of subject matter jurisdiction should be without prejudice. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir.1988). Therefore, we affirm the district court's dismissal of the action for lack of subject matter jurisdiction, but we vacate the dismissal with prejudice.[3] id.
 
 
 7
 AFFIRMED in part, VACATED in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In their complaint, the Ratnaweeras alleged claims against the defendants for breach of contract, fraud and misrepresentation in the execution of the deed of trust, and conversion
 
 
 [2]
 In their opening brief, the appellants state that "[a]bsolutely no tort claim is alleged against RTC...." Appellants' Opening Brief at 14
 
 
 [3]
 The Ratnaweeras have not alleged any specific statutory waiver of sovereign immunity against the RTC, and thus, the district court properly dismissed the action for lack of subject matter jurisdiction. See Gilbert v. DaGrossa, 756 F.2d 1455 1458 (9th Cir.1985) (absent express waiver of sovereign immunity, action against the United States must be dismissed); see also Resolution Trust Corp. v. Plumlee, 745 F.Supp. 1462, 1464 (E.D.Ark.1990) (the RTC is an instrumentality and agency of the United States, and thus, federal law must specifically authorize suit against it). The Ratnaweeras, however, may be able to allege a cause of action against the RTC based on their contract claim if the claim meets the requirements of 12 U.S.C. § 1823(e), which limits contract actions against the RTC. See 12 U.S.C. § 1823(e); see also Resolution Trust Corp. v. Wellington Dev. Group, 761 F.Supp. 887, 891 (N.D.Tex.1981)