UNITED STATES of America,
Appellee,

v.

Joseph A. LONGO and Mary M. Longo,
Appellants.

Nos. 71-1583, 72-1013.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1972.

Decided Aug. 2, 1972.

Richard J. Dinsmore, Schrempp & Bruckner, Omaha, Neb., for appellants.

William K. Schaphorst, U. S. Atty., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT and MURRAH,* Senior Circuit Judges, and HEANEY, Circuit Judge.

VAN OOSTERHOUT, Senior Circuit Judge.

This is an appeal by defendants Joseph A. Longo and Mary M. Longo, husband and wife, from final judgment foreclosing a $1,404,600.00 mortgage on a high-rise apartment and medical center complex in Omaha, Nebraska. An appeal is also taken from the order confirming the foreclosure sale.

The Government's petition is in two counts. Count One seeks foreclosure of the mortgage and Count Two seeks an accounting for income and expenditures from the mortgaged property.

The Government moved for summary judgment on the foreclosure count. The defendants resisted on the basis that a genuine issue of material fact was presented. Extensive affidavits were filed by both parties. The motion was heard by Judge Denney. He determined, upon the basis of the pleadings, affidavits, and concessions of counsel, that the defendants made, executed and delivered the note and mortgage which were made to the First National Bank of Omaha, guaranteed by the Federal Housing Authority (FHA), assigned to Metropolitan Life Insurance, and by it to the Government pursuant to the loan guarantee agreement; that the note and mortgage are now owned by the government. He also determined that the loan is in default, that the Government exercised the acceleration provision contained therein, and that nothing contained in various forbearance and work-out agreements bars the right to foreclosure; and that nothing had been paid on the $1,404,600.00 principal on the note and that interest due up to March 31, 1970, is $106,147.07.

Defendants in brief do not seriously challenge the foregoing findings. In any event, they are adequately supported by the evidence. Judge Denney in his memorandum opinion supporting the granting of the summary judgment of foreclosure, dated June 18, 1971, states the controlling controverted issue as follows:

"The one disputed fact requiring discussion before a determination upon this motion for summary judgment can be had is whether defendants' assertions of misrepresentations contained in a feasibility survey conducted by plaintiff's agents can be used by defendants to invalidate the note and mortgage, if proven. If not, the disputed facts as to these alleged misrepresentations are irrelevant to the motion for summary judgment upon Count I of plaintiff's Amended Complaint for foreclosure."

During the course of the opinion he states:

"Chief Judge Robinson of this Court issued an order [Filing 13] previously in this case which dismissed the counter-claim based upon the very assertion raised here as a defense to this foreclosure. The basis of that dismissal was that the alleged wrong was within the immunities reserved to the United States pursuant to 28 U.S. C.A. § 2680(h). If such immunity exists, this Court can see no reason to hold estoppel lies as a defense based upon the same matter in this foreclosure action. The counter-claim has arisen again before the Court in the cloak of a defense. It violates the spirit, if not the letter of 28 U.S.C.A. § 2680(h)."

The court determined as a matter of law that no genuine issue as to material fact exists on the foreclosure count and determined pursuant to Rule 54(b), Fed.R.Civ.P., that no just reason for delay in entering final judgment on count one existed. Direction for entry of decree of foreclosure of the mortgage was given and decree of foreclosure was entered. No personal judgment was

* Senior Circuit Judge, Tenth Crcuit, sitting by designation.

awarded as the note and mortgage protected the defendants against personal liability on the mortgage debt.

The issues raised by Count Two were continued for an evidentiary hearing and are not now before us.

 The Government by commencing the foreclosure action has doubtless precluded itself from raising sovereign immunity as a bar to any appropriate defense to its action. The Government has the burden of establishing the essential elements of its foreclosure action. Thus defendants by way of defense could deny that they had executed the mortgage papers or assert the claim that they had made payments for which they were not given credit. We may assume for the purposes of this case without so deciding that a defense that the mortgage is void because it was induced by fraud on the part of the Government might be available. However, this does not aid the defendants.

 This action is based on the note and mortgage originally guaranteed by the Government under the provisions of federal housing law. The note was assigned to Metropolitan Life Insurance Company and upon defendants' default, assigned to the Government under the provisions of the guaranty agreement. No fraud is asserted with respect to the execution and delivery of the note and mortgage upon which this action is based. Defendants received the full proceeds of the loan. The fraud asserted is that the Government made negligent misrepresentations on the feasibility and the final success of the contemplated apartment and the medical center complex. Such is not a defense to the foreclosure action but at most a claim defendants could assert by way of counterclaim.[1]

The counterclaim is based upon tort. The Government has waived its immunity by statute with respect to certain types of tort claims. 28 U.S.C.A. § 2680(h) lists specific torts with respect to which immunity is not waived. Section 2680(h) reads:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

\* \* \* \* \* \*

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."

Section 2680 specifically bars actions against the Government based on misrepresentation or deceit. The Supreme Court in United States v. Neustadt, 366 U.S. 696, 711, 81 S.Ct. 1294, 1302, 6 L. Ed.2d 614, resolved the conflict existing between the Courts of Appeal on whether negligent misrepresentation is barred by the § 2680 misrepresentation and deceit exceptions, holding that a claim based on misrepresentation is a claim " 'arising out of . . . misrepresentation,' within the meaning of § 2680(h)," which precludes recovery on claims arising out of negligent misrepresentation. In so doing, the Court followed the reasoning and interpretation of numerous Courts of Appeal cases cited at p. 703 of 366 U.S., 81 S.Ct. 1294. The misrepresentation relied upon in Neustadt was an inaccurate FHA inspection and appraisal which had induced the purchaser to pay more for the property than its fair market value.

Additionally, the Court in *Neustadt* as a result of its examination of the legislative history of the FHA act points out that the function of FHA appraisers is to protect the Government, the Court stating:

"But at the same time, it was repeatedly emphasized that the primary and predominant objective of the appraisal

---

1. We have serious doubt whether the defendants have by their claim of negligent misrepresentation asserted a claim against the Government based on actionable fraud but have determined that it is not necessary to reach this issue to decide the case. Consequently, we express no view on the merits of the fraud claim.

system was the 'protection of the Government and its insurance funds'; that the mortgage insurance program was not designed to insure anything other than the repayment of loans made by lender-mortgagees; and that 'there is no legal relationship between the FHA and the individual mortgagor.' Never once was it even intimated that, by an FHA appraisal, the Government would, in any sense, represent or guarantee to the purchaser that he was receiving a certain value for his money." 366 U.S. 696, 709, 81 S.Ct. 1294, 1301.

To like effect, see United States v. Thompson, E.D.Ark., 293 F.Supp. 1307, 1312, aff'd, 8 Cir., 408 F.2d 1075; United States v. Sherman Gardens Co., D.C. Nev., 298 F.Supp. 1332.

Similarly here, the feasibility survey was made for the benefit of FHA to satisfy it in the exercise of its discretion with respect to the guarantee of loans.

■ The fact that the counterclaims are authorized by the Federal Rules of Civil Procedure does not establish the right of the court to entertain a counterclaim violative of the sovereign immunity doctrine. Rule 13(d) specifically provides:

> "(d) Counterclaim Against the United States. These rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims or to claim credits against the United States or an officer or agency thereof."

We hold that the trial court correctly determined that no genuine issue of material fact exists and that summary judgment of foreclosure was properly granted.

Defendants' contention that the FHA acted in a fiduciary capacity in its dealing with the defendants lacks merit.

Defendants' appeal from the order confirming the sale is taken only for the purpose of protecting them if they prevail in their attack upon the validity of the foreclosure judgment. No legal infirmity in the confirmation order has been shown.

The judgments appealed from are affirmed.