UNITED STATES of America, Appellee,

v.

Charles E. PERRY and Shirley A. Perry, Appellants,

New Salem Farmers Union Elevator Company; Alfred Slavick; Ila Slavick; Bank of North Dakota; Harley Thom, d/b/a Farmers Supply Co., Norwich, North Dakota; Ray and Hildegard Fitterer, d/b/a Fitterer Oil, Flasher, North Dakota; and Medical Collections, Bismarck, North Dakota.

No. 82–1403.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1983.

Decided May 20, 1983.

---

Sarah M. Vogel, Bismarck, N.D., Robert Vogel, Grand Forks, N.D., Irvin B. Nodland, Bismarck, N.D., for appellants.

Rodney S. Webb, U.S. Atty., Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for appellee.

Before ROSS and FAGG, Circuit Judges, and BEAM, District Judge.*

ROSS, Circuit Judge.

Charles and Shirley Perry were farmers in North Dakota who had loans financed by the Farmers Home Administration (FmHA). On July 31, 1979, FmHA filed a complaint in federal district court for the foreclosure of Perrys' property on which the mortgage was held. Perrys asserted a counterclaim alleging that FmHA acted unlawfully and in violation of Perrys' constitutional rights in accelerating the loan. Perrys sought damages, an order of reformation of the contract and an injunction to bar FmHA from denying Perrys' constitutional rights.

The district court[1] dismissed the counterclaim for lack of jurisdiction because Perrys had asserted no exception to the United States' defense of sovereign immunity. Perrys appealed from the dismissal. This court determined that the order was not a final appealable order and remanded to the district court for a determination of the appealability under Fed.R.Civ.P. 54(b). The district court found that there was no reason for delay and entered a judgment in accordance with Rule 54(b). An appeal followed and this court again remanded the case to the district court with directions that the district court expressly state its reasons for certification of the appeal under Rule 54(b). On review of the district court's order of March 25, 1983, we are satisfied that there is no just reason for delay and that this appeal is proper.

The district court held: "A review of the counterclaim does reflect that the wrongs alleged all lie in tort." Perrys asserted the government was liable for negligence, malicious abuse of administrative process, business slander, and usury. We find no waiver of sovereign immunity and accordingly affirm the district court's dismissal of the counterclaim for lack of jurisdiction.

Perrys do not dispute the fact that 28 U.S.C. § 1346 does not create any substantive right against the United States for monetary damages. *Army and Air Force Exchange Service v. Sheehan,* 456 U.S. 728, 735, 102 S.Ct. 2118, 2123, 72 L.Ed.2d 520 (1982). Perrys argue that 28 U.S.C. § 1331(a) grants jurisdiction over their equitable claims, but as the district court held: "in the absence of a waiver of sovereign immunity, this statutory provision affords no jurisdictional grounds." *See DeVilbiss v. Small Business Administration,* 661 F.2d 716, 718 (8th Cir.1981). Thus, neither of these statutes affords a waiver of sovereign immunity.

In *United States v. Longo,* 464 F.2d 913, 915 (8th Cir.1972) this court held that counterclaims against the Federal Housing Authority based on fraud and negligent misrepresentation were barred by 28 U.S.C. § 2680(h) which specifies that sovereign immunity is not waived as to certain causes of action:

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process,

---

* The Honorable C. Arlen Beam, United States District Judge for the District of Nebraska, sitting by designation.

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

libel, slander, misrepresentation, deceit, or interference with contract rights.

We agree with the district court that the counterclaims asserted by Perrys are barred by section 2680(h).[2]

The judgment of the district court dismissing the counterclaim by the Perrys is affirmed.

---

2. Perrys argue *Rowe v. U.S.,* 633 F.2d 799 (9th Cir.1980) holds that section 1331(a) provides jurisdiction and a waiver of sovereign immunity in an action for relief other than money. We find *Rowe* inapplicable to the present case because here review is precluded by 28 U.S.C. § 2680(h). In *Rowe* no preclusion statute was asserted. *See id.* at 802.