Richard L. COX, Jr., United States Marshal for the Middle District of Florida, Plaintiff-Appellee,

v.

KURT'S MARINE DIESEL OF TAMPA, INC., Defendant-Appellant.

No. 85–3768
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 1, 1986.

Simson Unterberger, Tampa, Fla., for defendant-appellant.

Dennis I. Moore, Asst. U.S. Atty., Tampa, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Kurt's Marine Diesel was a plaintiff in an earlier suit in which the U.S. marshal

---

took custody of an arrested ship. The marshal erred in estimating the custodial charges by neglecting to include insurance expense of $1,144.26. The error was not caught until after the parties had settled their differences and the defendant in that case agreed to pay the custodial charges as estimated by the marshal. The settlement did not include the charge for insurance.

The marshal brought this suit seeking to recover from Kurt's the insurance expense. Kurt's asserted, *inter alia,* the defenses of waiver and estoppel and negligent misrepresentation. The district court granted summary judgment for the marshal.

■ Estoppel may not be asserted against the United States government when it acts in its sovereign capacity but may be asserted when it acts in a proprietary capacity. *FDIC v. Harrison,* 735 F.2d 408 (11th Cir.1984).

Proprietary governmental functions include essentially commercial transactions involving the purchase or sale of goods and services and other activities for the commercial benefit of a particular government agency. Whereas in its sovereign role, the government carries out unique governmental functions for the benefit of the whole public, in its proprietary capacity the government's activities are analogous to those of a private concern.

*Id.* at 411.

■ In taking custody of the ship the marshal was not involved in a proprietary activity but was acting for the benefit of the public at large by assisting the federal judicial system in the resolution of a dispute, a governmental function. Kurt's would characterize the transaction as commercial because it involved the purchase of insurance by the marshal, but purchasing the insurance was only incidental to the governmental function of taking the vessel into custody. The defense of estoppel is not available.

■ Kurt's also asserted the defense of negligent misrepresentation. The government argues that the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.,* which precludes claims against the United States arising out of misrepresentation, bars this defense.

The United States cannot be sued unless it specifically consents to be sued, either by specific statutory consent, ... or by instituting a suit as to which a defendant may plead matters in recoupment.... To state a claim in recoupment, a counterclaim must assert a claim arising out of the same transaction or occurrence which is the subject matter of the government's suit and seek relief only to the extent of diminishing or defeating the government's recovery.

*EEOC v. First National Bank of Jackson,* 614 F.2d 1004, 1007–1008 (5th Cir.1980), *cert. denied,* 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981).

The alleged misrepresentation arises out of the same transaction that is the subject matter of the government's suit. The only relief that Kurt's seeks is to defeat the government's claim. Under *EEOC v. First National Bank* Kurt's misrepresentation defense is not barred.

REVERSED.