**UNITED STATES of America, Appellant,**

v.

**James Burton JOHNSON, Appellee,**

**James Burton JOHNSON,**

v.

**UNITED STATES of America.**

No. 87–5324.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1988.

Decided Aug. 8, 1988.

Aaron B. Kahn, Washington, D.C., for appellant.

Jeffrey R. Brauchle, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

LAY, Chief Judge.

The United States sued James Burton Johnson, alleging that he had defaulted on Commodity Credit Corporation price support loans made to him for his 1976 and 1977 corn crops. Johnson asserted various counterclaims and affirmative defenses. The government recovered on its contract claims, but the jury also concluded that the government had been negligent in its administration of the farm storage loan program. The jury determined that Johnson sustained damages of $33,663.02 as a result of the government's negligence; the district judge [1] reduced the government's recovery on the 1977 loan by that amount.[2] The government appeals, claiming the district court erred in reducing the government's award on the 1977 loan.[3] We re-

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

2. The government's recovery on the 1976 loan was also reduced by the same amount. The jury determined that part of Johnson's 1976 corn crop that secured one loan was destroyed by a fire on March 9, 1978. The loan agreement between the parties provided, with several qualifications and conditions, that the government would assume such losses. Hence, Johnson was relieved of liability for the amount of the loan for the corn destroyed by fire, but remained liable on the rest of the outstanding loan. This portion of the judgment is not at issue on appeal.

3. The jury found that none of the 1977 corn was destroyed in the fire. It thus rejected Johnson's claim to this offset. The jury also found that Johnson was negligent as to the loss of some 19,272 bushels of 1977 corn. The jury's award of $33,663.02 arising from the government's negligence is the value of the 1976 corn the jury found was destroyed in the fire. The government asserts that deducting this amount from the amount owed on the 1977 loan, as well as from the amount owed on the 1976 loan, is duplicative. It is difficult to disagree with the government, especially in view of the fact that the jury found that the 1977 corn was not damaged in the fire. However, we need not decide this issue in view of our holding.

verse the reduction of the government's award.[4]

## SOVEREIGN IMMUNITY

■ The government's award on its contract claim for the 1977 loan was reduced by the amount the jury awarded Johnson for his alleged damages arising out of the government's negligence in administering the farm storage loan program. The government argues that this reduction cannot be sustained because it is based on a claim—denominated an affirmative defense—for negligent misrepresentation. Such claims, the government argues, may not be asserted against the United States, because the Federal Tort Claims Act (FTCA) explicitly bars misrepresentation claims against the government. *See* 28 U.S.C. § 2680(h) (1982) (prohibiting private parties from asserting against the government "[a]ny claim arising out of * * * misrepresentation"); *see also United States v. Neustadt,* 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961) (section 2680(h) precludes claims arising out of negligent, as well as willful, misrepresentation).

The general rule is that

when the sovereign sues it waives immunity as to claims of the defendant which assert matters in recoupment—arising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims * * *.

*Frederick v. United States,* 386 F.2d 481, 488 (5th Cir.1967); *see also Cox v. Kurt's Marine Diesel of Tampa, Inc.,* 785 F.2d 935, 936 (11th Cir.1986); *United States v. Irby,* 618 F.2d 352, 356 (5th Cir.1980); *FDIC v. Citizens Bank & Trust Co.,* 592 F.2d 364, 373 (7th Cir.), *cert. denied,* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979).

When the government waives immunity in this manner, it does so even as to those claims that ordinarily are barred by the FTCA. *Kurt's Marine,* 785 F.2d at 936 (defendant permitted to assert misrepresentation defense to diminish government's recovery); *see generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1427 (1971). In two Eighth Circuit cases, defendants were not permitted to assert counterclaims against the government based on fraud and negligent misrepresentation. *United States v. Perry,* 706 F.2d 278 (8th Cir.1983); *United States v. Longo,* 464 F.2d 913 (8th Cir.1972). In both *Perry* and *Longo,* however, the defendants failed to satisfy one of the prerequisites to asserting a claim against the government in recoupment, although the opinions did not say so expressly. *See Perry,* 706 F.2d at 279 (defendant sought relief different in kind than that sought by the government, because government sued for foreclosure while defendant sought damages, contract reformation, and injunction); *Longo,* 464 F.2d at 915 (fraud asserted by defendant was not based on same transaction that gave rise to government's claim). Thus, these cases are clearly distinguishable.[5]

Although Johnson therefore could have asserted a claim for negligent misrepresentation, no such claim was submitted to the jury.[6] In fact, Johnson disputes the government's characterization of his claim, contending that it is not grounded in mis-

---

4. Johnson claims to appeal from the district court's denial of his costs, but a notice of appeal was not docketed with this court. We therefore do not address this issue.

5. We also disagree with the government and hold that it is irrelevant that the government's claim is grounded in contract while Johnson's is in tort. *See Irby,* 618 F.2d at 356–57. One case that holds to the contrary was based on an erroneous interpretation of the Fifth Circuit's *Frederick* opinion; the Fifth Circuit stated in

*Irby,* which was subsequent to *Frederick,* that a tort claim may be asserted to recoup a government's contract claim. *See FDIC v. Shinnick,* 635 F.Supp. 983, 985 (D.Minn.1986) (stating that under *Frederick* test, tort claim could not be asserted, but ignoring *Irby's* statement to the contrary).

6. Prior to trial, the district court dismissed those claims of Johnson's based on misrepresentation. Johnson did not appeal this order.

representation, but rather arose from the government's breach of a somewhat amorphous duty to administer the farm storage loan program fairly.

■ The government argues, however, that the only other possible theory on which Johnson's claim could be based is negligent breach of contract. The government contends that a claim of this type is barred because Minnesota law does not recognize such a cause of action. *Lampert Lumber Co. v. Joyce,* 405 N.W.2d 423, 424 (Minn.1987); *see Lewis v. United States,* 663 F.2d 818, 819 n. 2 (8th Cir.1981) (under 28 U.S.C. section 1346(b), the law of the state where the tort occurred determines the government's liability). To address this contention, it becomes necessary to characterize the nature of Johnson's claim.

The special verdict form submitted to the jury directed the jury to decide whether the government was "negligent in its administration of the farm storage loan program as it applied to James Burton Johnson's 1976 and 1977 farm storage loans." The jury instruction on Johnson's negligence claim directed the jury to decide if the government was "negligent in dealing with Mr. Johnson and in the administration of the *farm storage loan contracts*" (emphasis added). These instructions fail to elucidate the nature of Johnson's claim or of the precise governmental duty alleged to have been breached.

In his brief before this court, Johnson does not clarify his claim beyond reiterating that the duty at issue here was the government's "duty to fully and fairly administer the loan program." He contends that breach of that duty was demonstrated by the following evidence: (1) a government agent received telephone calls from Johnson requesting help after a fire damaged the corn that was collateral for the loan; (2) despite these calls, and even after the government tested the corn and found it had been damaged, the government neglected to accept any responsibility for the loss caused by the fire, despite its contractual obligation to do so; and (3) the government "misidentified and mismeasured" the crops.

Even assuming this evidence to be true, however, and that these governmental actions caused Johnson compensable injury, the duties that are claimed to have been breached exist, if at all, solely by virtue of the contracts between Johnson and the government. When a contract provides the only source of duties between the parties, Minnesota law does not permit the breach of those duties to support a cause of action in negligence. *Lesmeister v. Dilly,* 330 N.W.2d 95, 102 (Minn.1983). "To prevail in negligence, a plaintiff must prove as one element that the defendant breached 'some duty imposed by law' *not merely one imposed by contract."* *D & A Dev. Co. v. Butler,* 357 N.W.2d 156, 158 (Minn.Ct.App. 1984) (emphasis added); *see also American Home Assur. Co. v. Major Tool and Machine, Inc.,* 767 F.2d 446, 448 (8th Cir. 1985).

■ Because Johnson did not prove that the government owed him a duty that arose independently of the contracts between the parties, Minnesota law precludes him from recovering in negligence based upon breach of those duties. Hence, it was error for the district court to reduce the government's award on the 1977 loan.[7] We therefore reverse with instructions to enter judgment in favor of the government in the full amount owed by Johnson under the 1976 and 1977 loan contracts.[8] We

---

7. Johnson maintains that the government is precluded from raising the arguments we address because it failed to raise them below. Both arguments, however, raise the issue of sovereign immunity, which is a jurisdictional question that may be raised at any time. *See, e.g., United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Myers & Myers, Inc. v. United States Postal Serv.,* 527 F.2d 1252, 1260 (2d Cir.1975) (question whether state law recognizes a cause of action is a question of sovereign immunity; "a question which is prerequisite to *jurisdiction* is whether the laws of the locus of this action would provide for recovery * * *.") (emphasis added); 28 U.S.C. § 1346(b) (district courts have jurisdiction only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

8. The government also contends that the district court erred in reducing the government's recov-

need not address the government's remaining contentions.

ery on the 1977 loan by $1,493.05, the amount of a wheat deficiency payment the government owed Johnson. We agree. In arriving at the figure of $62,830.89 as the amount Johnson owed on the 1976 loan before deductions, the government had already deducted the amount of the wheat deficiency payment. *See* Joint Exhibit No. 31. The district court therefore incorporated the deduction of the wheat deficiency payment when it based its determination of the government's 1976 loan recovery on an initial figure of $62,830.89. To deduct the same amount from the government's recovery on the 1977 loan would be duplicative. The testimony Johnson refers to in support of his claim that he was not credited the $1,493.05 payment indicates only that the credit was not reflected in certain documents.