761 F.Supp. 90 (1991)
UNITED STATES of America, Plaintiff,
v.
James Allen MOSELEY and Mary Ann Moseley, Defendants.
James Allen MOSELEY and Mary Ann Moseley, Counterclaim Plaintiffs,
v.
UNITED STATES of America, Counterclaim Defendants.
No. N89-0107C.
United States District Court, E.D. Missouri, N.D.
April 11, 1991.
*91 Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., William H. Ward, U.S. E.P.A., Region VII, Kansas City, Kan., Angela M. Bennett, U.S. Army Corps of Engineers, Kansas City Dist., Kansas City, Mo., Craig D. Galli, Rebecca A. Lloyd, U.S. Dept. of Justice, Land and Natural Resources Div., Environmental Defense Section, Washington, D.C., for plaintiff.
Marjorie M. Kesl, John F. Arens, Richard P. Alexander, Fayetteville, Ark., for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the Government's motion to dismiss Counts I and II of defendants' counterclaim. In Count I the Moseleys seek a declaration that the assertion of Clean Water Act jurisdiction over their land by the United States Army Corps of Engineers (Corps) and the United States Environmental Protection Agency (EPA) has temporarily deprived them of the use of their property without compensation in violation of the fifth amendment to the Constitution. In Count II the Moseleys allege that the special conditions and restrictions contained in the after-the-fact permit issued by the Corps effectively constitute a denial of the § 404 permit. They therefore seek a declaration that the imposition of the special conditions contained in the after-the-fact permit or of other restoration requirements would result in a permanent, uncompensated taking of their property in violation of the fifth amendment to the Constitution.
The United States asserts that defendants' counterclaims lie within the exclusive jurisdiction of the United States Claims Court. Defendants contest this assertion and contend that this Court has jurisdiction over their counterclaims because 1) they seek declaratory relief with a significant prospective effect and 2) their counterclaims are claims for recoupment.
Pursuant to 28 U.S.C. § 1491 the Court of Claims has exclusive jurisdiction over monetary claims in excess of $10,000 against the United States and its agencies. Ruckelshaus v. Monsanto, 467 U.S. 986, 1016-19, 104 S.Ct. 2862, 2879-81, 81 L.Ed.2d 815 (1984); Glosemeyer v. Missouri-Kansas-Texas R.R., 879 F.2d 316, 323-25 (8th Cir.1989). If, however, a party seeks "declaratory or injunctive relief which has significant prospective effect or considerable value apart from merely determining the monetary liability of the *92 government, the equitable relief sought is paramount and the district court may assume jurisdiction over the non-monetary claims." State of Minnesota by Noot v. Heckler, 718 F.2d 852, 858 (8th Cir.1983).
The Government asserts that defendants' counterclaims are essentially claims for monetary relief insofar as they seek compensation for the taking of their property. The Government contends that the property here at issue has a value in excess of $10,000 and defendants have not refuted this assertion. Defendants contend that they seek significant prospective non-monetary relief in this case because they seek to clear their names. Defendants' pleadings belie this assertion. There is no indication in the counterclaims that defendants seek a declaration which will restore their reputations. Defendants' counterclaims explicitly and unequivocally seek declarations that the actions of the Government with respect to their land have or will result in an uncompensated taking of their property.
Even if defendants' counterclaims are construed to include a request for name clearing, the Court cannot assume jurisdiction over them on this basis alone. To the extent that Counts I and II of defendants' counterclaim can be construed to include requests for name clearing, the name clearing remedy is also implicit in Count III of defendants' counterclaim, which the Government has not moved to dismiss. In addition, the "primary" relief sought in Counts I and II is a declaration that a taking has occurred which would entitle the defendants to monetary compensation. The incidental effect, if any, that such a declaration might have on defendants' reputations as law-abiding citizens simply does not satisfy the requirement that the nonmonetary relief sought have a "significant prospective effect" or considerable value distinct from the determination that a taking has occurred and compensation is due them. Minnesota v. Heckler, 718 F.2d at 858, n. 11.
Defendants' reliance on Giordano v. Roudebush, 617 F.2d 511 (8th Cir.1980) is misplaced. In Giordano the significant, prospective non-monetary relief which formed the basis for the district court's jurisdiction was plaintiff's request for injunctive relief in the form of reinstatement. Id. at 515. There is no indication in that case that a request for a declaration which might have the incidental effect of clearing the litigant's name would have been sufficient to support the district court's exercise of jurisdiction. Id. at 515. ("[T]he district court did not err in retaining jurisdiction over the issue of reinstatement.") (emphasis supplied).
Defendants assert in the alternative that if their claims are construed as requests for monetary relief in excess of $10,000 this Court may nevertheless assume jurisdiction over them because the relief is sought under a recoupment theory. A claim for recoupment does not appear explicitly on the face of defendants' counterclaims and, in light of the requirements for determining whether a right to recoupment exists, their claims cannot be construed as claims for recoupment. Recoupment claims must "(1) arise from the same transaction or occurrence as the government's suit, (2) seek relief of the same kind or nature and (3) seek an amount not in excess of the government's claim." FDIC v. Corning Savings & Loan Ass'n, 696 F.Supp. 1245, 1247 (E.D.Ark.1988).
In this action to enforce the Clean Water Act, the Government seeks civil penalties and injunctive relief. Defendants' claims, even if construed as requests for monetary damages flowing from unconstitutional takings, are qualitatively different from the Government's claim for civil penalties and injunctive relief. For this reason, defendants' counterclaims cannot be characterized as claims for recoupment and this Court cannot assume jurisdiction over them under a recoupment theory.
Relying on certain language in United States v. Riverside Bayview Homes, Inc., 474 U.S. 121, 106 S.Ct. 455, 88 L.Ed.2d 419 (1985), the Government further asserts that defendants' counterclaims cannot be asserted in the context of an enforcement action but must be pursued in the Court of Claims. In United States v. Riverside Bayview Homes, Inc., 474 U.S. 121, 106 *93 S.Ct. 455, 88 L.Ed.2d 419 (1985), an action by the Army Corps of Engineers to enforce the Clean Water Act, the Supreme Court made the following statement in dicta: "[I]f the Corps has indeed effectively taken respondent's property, respondent's proper course is not to resist the Corps' suit for enforcement by denying that the regulation covers the property but to initiate a suit for compensation in the Claims Court." 474 U.S. at 129 n. 6, 106 S.Ct. at 460 n. 6. Defendants' assert that this statement applies only to takings claims raised as defenses rather than as counterclaims. This Court finds no indication in the language of Riverside Bayview Homes that the Court intended to limit its statement to takings claims raised as defenses. Moreover, the Supreme Court explicitly referred to "a ripe claim that a taking has occurred." 474 U.S. at 129 n. 6, 106 S.Ct. at 460 n. 6. (emphasis supplied).
Defendants assert that the aforementioned language in Riverside Bayview Homes does not mandate dismissal of their takings claims because their claims differ from the takings claim raised in that case. Defendants characterize the takings claim in Riverside Bayview Homes as a request for a declaration that the fifth amendment precludes the Corps from asserting regulatory jurisdiction. They characterize their claim as a request for a declaration that the government's "assertion of regulatory jurisdiction has resulted in, and/or will result in a taking of their property." Defendants' Mem. at p. 13. Insofar as defendants contend that the assertion of jurisdiction has resulted in a taking, the Court concludes that this contention is indistinguishable from the claim in Riverside Bayview Homes and is governed by the language in that case. Insofar as defendants contend that the assertion of jurisdiction will result in a taking, the Court concludes that this claim is premature because there has been no denial of a permit in this case. Although defendants allege that the conditions contained in the after-the-fact permit issued by the Government are so restrictive as to amount to an effective denial of a permit, they have not sought judicial review of the conditions listed in the permit. Thus, this portion of defendants' takings claim is not ripe. See Riverside Bayview Homes, 474 U.S. at 127, 106 S.Ct. at 459. ("Only when a permit is denied and the effect of the denial is to prevent `economically viable' use of the land ... can it be said that a taking has occurred.") See also Bowles v. United States Army Corps of Engineers, 841 F.2d 112, 113, 114 (5th Cir.), cert. denied, 488 U.S. 803, 109 S.Ct. 33, 102 L.Ed.2d 13 (1988), American Dredging Co. v. Dutchyshyn, 480 F.Supp. 957, 961-62 (E.D.Pa.), aff'd without opinion, 614 F.2d 769 (3d Cir.1979).
On the basis of the foregoing, the Court concludes that Counts I and II of defendants' counterclaims should be dismissed for lack of subject matter jurisdiction.