826 F.Supp. 294 (1993)
UNITED STATES of America, Plaintiff,
v.
BADEN PLAZA ASSOCIATES, et al., Defendants.
No. 4:92CV426-DJS.
United States District Court, E.D. Missouri, E.D.
June 24, 1993.
*295 Claire M. Schenk, Office of U.S. Atty., St. Louis, MO, for U.S.
Mayer S. Klein, Partner, Newman and Goldfarb, St. Louis, MO, for defendants Baden Plaza Associates, William A. Thomas and Baden Plaza Redevelopment Corporation.
Charles L. Bussey, Jr., pro se.

*296 MEMORANDUM AND ORDER

STOHR, District Judge.
This matter is before the Court on the United States of America's Motion to Dismiss Counterclaim. The United States, on behalf of the Secretary of Housing and Urban Development, has brought the instant action against Baden Plaza Associates, William A. Thomas, Charles L. Bussey, Jr. and Baden Plaza Redevelopment Corporation.

Background
Pursuant to the statutory and regulatory provisions which govern the Department of Housing and Urban Development's ("HUD") provision of mortgage insurance to eligible multifamily housing projects, HUD is authorized to assist in providing housing for low and moderate income families by insuring mortgages for the rehabilitation of existing multifamily housing projects. 12 U.S.C. § 1713(c); 12 U.S.C. § 1715n. Such mortgage insurance was provided by HUD in connection with defendants' acquisition of the Baden Plaza Apartments project ("the project"). To protect the funds placed at risk by HUD, Baden Plaza Associates and HUD executed a Regulatory Agreement. Complaint, Ex. A. Under the terms of the Regulatory Agreement, HUD may seek relief if Baden Plaza Associates violates any provision of the Regulatory Agreement. Complaint, Ex. A, ¶ 11. HUD has brought a breach of contract action alleging that defendants violated paragraphs 6(b), (e) and (g) of the Regulatory Agreement.
Specifically, HUD alleges that defendants violated the above-stated contractual provisions by: (1) diverting $74,210.57 from project funds to satisfy principal and interest payments due upon a personal loan without HUD approval; (2) expending $2,765 of project funds for draft financial projections in connection with development of the project without HUD approval; and (3) misusing $7,395 of tenant security deposits. HUD seeks damages of $168,741.14, double the amount of funds that HUD alleges were diverted by defendants, plus interest.
Defendants have filed a counterclaim. In February 1986 Baden Plaza Associates entered into a Rental Rehabilitation Agreement with the City of St. Louis Community Development Agency ("CDA"). Defendants allege that pursuant to the Rental Rehabilitation Agreement, HUD agreed to allow the St. Louis Housing Authority ("SLHA") to pay a portion of each eligible tenant's rent directly to Baden Plaza Associates through its existing Section 8 certificates and vouchers. Defendants claim that CDA made a commitment for Rental Rehabilitation Funds and Section 8 certificates for the purpose of rehabilitating the project. The renovation was to take eight months. Defendants applied for mortgage insurance for the project and they allege that the St. Louis office of HUD approved the insurance by relying upon the Section 8 rent levels. On March 12, 1986 defendants executed the loan to finance the project and repayment was to begin on April 1, 1986. Defendants claim that HUD then arbitrarily and capriciously decided to deny Section 8 payment certificates and vouchers for the project on the grounds that the Section 8 rent levels were not available until renovation of the project was completed. As a result, defendants claim that they were unable to pay the rents anticipated by the Rental Rehabilitation Agreement and unable to repay the mortgage on the project.
In sum, defendants claim that HUD erred in the process of approving the mortgage insurance for the project, never informed them of the error and "thereby intentionally and willfully withheld information that had substantial and adverse effect on the defendants." Counterclaim ¶ 36. Defendants claim that "as a direct and proximate cause of HUD's erroneous underwriting, the Baden Plaza Apartments and its ownership entity never received or achieved the benefits or promises upon which the underwriting was based." Counterclaim ¶ 37. Defendants claim that HUD erroneously led defendants to believe that Section 8 certificates would be available to the project on a contractual and continued basis, that HUD then directed that the Section 8 certificates be withdrawn, and the project was not viable on an unassisted basis. Counterclaim, ¶¶ 38, 40. Defendants allege that HUD has acted willfully and deliberately to hide its own errors. Counterclaim, ¶ 41.
*297 Defendants seek declaratory and injunctive relief and request that the project be reconveyed to them in a restored and rehabilitated condition with a 15 year Housing Assistance Payments contract, along with Section 8 certificates. In the alternative, defendants request that HUD make restitution to them "in the amount of funds expended by the defendants directly into and for the benefit of the project."

Motion to Dismiss
Plaintiff brings the instant motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and (6). Plaintiff asserts that the Court lacks subject matter jurisdiction to entertain the counterclaim because it is based on allegations of misrepresentation and is outside of the scope of the government's limited waiver of immunity in the Federal Tort Claims Act ("FTCA"). Plaintiff further asserts that defendants' counterclaim does not arise out of the same transaction relied upon by the United States because defendants allege facts independent of those stated in the complaint and the relief requested by defendants is of a "far reaching nature." Plaintiff argues that defendants' counterclaim is not within the limited range of the exception to sovereign immunity allowed by some courts for recoupment.
The United States is immune from suit except where Congress specifically consents to waive that immunity. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). When sovereign immunity is waived, Congress is permitted to specify the terms and conditions under which suits may be brought. Honda v. Clark, 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967). The FTCA, 28 U.S.C. § 1346(b), is a limited waiver of sovereign immunity with respect to certain types of tort claims. 28 U.S.C. § 2680(h) lists specific torts to which immunity is not waived. That section provides:
The provisions of this chapter and section 1346(b) of this title shall not apply to 
(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.
"Section 2680(h) specifically bars actions against the Government based on misrepresentation or deceit ... [or] arising out of negligent misrepresentation." United States v. Longo, 464 F.2d 913, 915 (8th Cir.1972). Section 2680(h) excludes claims arising out of both negligent and deliberate misrepresentation. United States v. Neustadt, 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961). Thus, Courts have no jurisdiction over tort claims against the United States based on one's reliance on governmental misinformation or failure to communicate correct information. Id.
Section 2680(h) cannot be circumvented by the creative pleading of a claim. See Id. at 703, 81 S.Ct. at 1298-99. The Court must look beyond the literal language of the pleading to ascertain the real cause of action. Id. "Even if a claim purports to be grounded in theories other than misrepresentation, the exception set out in 28 U.S.C. § 2680(h) bars the action if deceit or misrepresentation is a factor relied upon to maintain the suit." Bor-Son Building Corp. v. Heller, 572 F.2d 174, 177 (8th Cir.1972).
The Eighth Circuit has dismissed counterclaims similar to defendants' counterclaim on the grounds that the counterclaim was barred under 28 U.S.C. § 2680(h). In United States v. Longo, 464 F.2d 913 (8th Cir. 1972), the Government sued to foreclose an apartment building. The defendants, borrowers from the Federal Housing Administration, filed a counterclaim asserting that the Government made negligent misrepresentations on the feasibility and success of the contemplated apartment building. The Eighth Circuit held that the counterclaim was based on tort and was barred by § 2680(h). In United States v. Thompson, 408 F.2d 1075 (8th Cir.1969), the Government brought suit to recover withdrawals from project funds which were unauthorized pursuant to a regulatory agreement between the Fair Housing Association and the defendants. The defendants asserted that misrepresentations on the part of the FHA resulted in the defendants' receipt of an "unworkable, unfit and faulty-constructed Project." Id. at 1081. The Eighth Circuit upheld the trial court's dismissal under § 2680(h).
*298 Defendants assert that the misrepresentation exception to the FTCA is not applicable because their relief is grounded in equitable theories of recoupment and set-off. Additionally, defendants argue that they have not brought their counterclaim pursuant to the FTCA, but under 5 U.S.C. § 702, the Administrative Procedure Act, on the grounds that the Government has abused its discretion. Finally, defendants assert that this Court has jurisdiction over their counterclaim pursuant to Fed.R.Civ.P. 13 because their claim is a compulsory counterclaim.
When the United States files suit it waives sovereign immunity as to compulsory counterclaims, such as claims for recoupment. F.D.I.C. v. Corning Sav. & Loan Ass'n, 696 F.Supp. 1245, 1247 (E.D.Ark. 1988). "Recoupment is the right of the defendant to have the plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the very contract giving rise to the plaintiff's claim." First Nat. Bank v. Master Auto Service Corp., 693 F.2d 308, 310 n. 1 (4th Cir.1982). To be a claim in the nature of recoupment the claim must "(1) arise from the same transaction or occurrence as the government's suit, (2) seek relief of the same kind or nature, and (3) seek an amount not in excess of the government's claim." Corning, 696 F.Supp. at 1247. However, a set-off arises from an independent claim that the defendant has against the plaintiff and, therefore, it is not a compulsory counterclaim. Id. at 1248.
Defendants' counterclaim is not a claim for recoupment. First, the counterclaim does not arise out of the same transaction as the government's claim. Defendants' counterclaim arises out of a Rental Rehabilitation Agreement entered into between Baden Plaza Associates and CDA. The Rental Rehabilitation Agreement is different from the Regulatory Agreement from which plaintiff's claim arises. Second, defendants are not merely seeking to reduce plaintiff's monetary damages, but are seeking relief of a different nature and in an amount clearly in excess of the Government's claim. Plaintiff seeks as damages a return of the funds allegedly misappropriated by defendants from the project funds protected under the Regulatory Agreement, plus applicable penalties for a total amount of approximately $168,000. Defendants seek a return of all funds personally invested in the project or to have the Government reconvey title to the project (originally subject to a mortgage in excess of $1.5 million) in a fully restored condition with a fifteen year Housing Assistance Payments contract for 96 units and a thirty year mortgage. Therefore, defendants' counterclaim is not one for recoupment.
Defendants admit that 5 U.S.C. § 702 does not confer an independent grant of subject matter jurisdiction permitting federal review of agency action. Meisch v. U.S. Army, 435 F.Supp. 341 (E.D.Mo.1977), aff'd, 566 F.2d 1178 (8th Cir.1977). Therefore, defendants must establish that this Court has subject matter jurisdiction over their counterclaim. Defendants assert that this Court has subject matter jurisdiction to hear their claims pursuant to both 28 U.S.C. § 1345 and Fed.R.Civ.P. 13 because the counterclaim "arises out of the same transaction or occurrence" as plaintiff's claim. As stated above, defendants' counterclaim arises out of a different contract, which is not "the same transaction or occurrence" as plaintiff's claim. Additionally, Fed.R.Civ.P. 13(d) provides that "these rules shall not be construed to enlarge beyond the limits now fixed by law the right to assert counterclaims ... against the United States or an officer or agency thereof." Thus, the Federal Rules of Civil Procedure do not establish the right of the Court to consider a claim violative of sovereign immunity. United States v. Longo, 464 F.2d 913, 916 (8th Cir.1972).
Although defendants assert that their claim does not arise out of the FTCA, but is equitable in nature, the Court finds that, looking beyond the literal language, the counterclaim is based on the Government's alleged misrepresentation concerning the availability of Section 8 certificates. The defendants' counterclaim is analogous to that in United States v. Longo, 464 F.2d 913 (8th Cir.1972) and United States v. Thompson, 408 F.2d 1075 (8th Cir.1969). Additionally, defendants admit that issues of deceit and *299 misrepresentation are relevant in assisting the Court in determining whether plaintiff has abused its discretion. Therefore, in accordance with the Eighth Circuit's decision in Bor-Son even though defendants base their counterclaim on a theory other than tort, it is barred because misrepresentation is a factor relied upon to maintain their claim. Accordingly, the Court finds that the defendants' counterclaim is barred by 28 U.S.C. § 2680(h) and the Court will grant plaintiff's motion to dismiss.
For the foregoing reasons,
IT IS HEREBY ORDERED that United States of America's Motion to Dismiss Counterclaim is granted.