869 F.Supp. 726 (1994)
William WITTMANN, Plaintiff,
v.
UNITED STATES of America, et al., Defendants.
No. 4:93cv2024JCH.
United States District Court, E.D. Missouri, Eastern Division.
August 23, 1994.
*727 Charles Oldham, St. Louis, MO, for plaintiff.
Tamera Fine-Trail, U.S. Dept. of Justice, Washington, DC, for defendants.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter is before the Court pursuant to Plaintiff's Motion for Preliminary Injunction; the federal Defendants' Motion to Dismiss Plaintiff's original Complaint, and Motion to Dismiss Plaintiff's First Amended Complaint; and the United States' Motion for Substitution.
Plaintiff William Wittmann is a Missouri resident. He purchased certain real property for $45,000 at a tax sale on March 31, 1993. The property, formerly owned by delinquent taxpayers Mark and Cindy Mirth, is located at 1380 Leisure Drive, St. Louis, Missouri. Mr. Wittmann alleges that Defendant Debra Dufek, an employee of the Internal Revenue Service (IRS), misrepresented to him that a second deed of trust on the *728 property had been discharged in bankruptcy. Specifically, Ms. Dufek supposedly advised potential bidders orally and in writing that bankruptcy trustee Joel Kuhin had informed her that a second deed of trust had been discharged and that he would be willing to provide a deed of release. In fact, the second deed of trust had not been discharged. Plaintiff asserts that he would not have paid $45,000 for the property had he known this fact. Plaintiff made a written demand on the IRS that the tax sale be set aside and the purchase price refunded. IRS employee Glenda Rice denied his request for relief.
Plaintiff filed his Complaint to Rescind Tax Sale and for a Preliminary and Permanent Injunction on September 13, 1993. On January 3, 1994, Plaintiff was granted leave to file a First Amended Complaint. He names as Defendants Ms. Dufek and Ms. Rice; Ralph Shilling, Director of the St. Louis District of the IRS; Lloyd Bentsen, Secretary of the Treasury; the United States of America; and Mark and Cindy Mirth. Mr. Shilling, Ms. Rice, and Ms. Dufek are sued in their individual and official capacities. Mr. Bentsen is sued only in his official capacity. Nowhere in the First Amended Complaint does Plaintiff allege any personal involvement by Defendants Bentsen or Shilling in the tax sale. He merely asserts that Mr. Bentsen and Mr. Shilling supervise IRS activities in St. Louis.
Plaintiff's First Amended Complaint is in two counts. In Count I, Plaintiff seeks relief from the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., for the negligence of its IRS officers.[1] In Count II, pleaded in the alternative, Plaintiff asserts a Fifth Amendment claim against Defendants Dufek, Rice, and Shilling in their individual capacities for taking his property without just compensation. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff requests an injunction directing Defendants to rescind the tax sale and refund his $45,000, and compensatory and punitive damages.
The Court notes preliminary that Defendants Mark and Cindy Mirth have never been served with the original Complaint or the First Amended Complaint. Nor does Plaintiff even appear to assert a cause of action against the Mirths. Rule 4(m) of the Federal Rules of Civil Procedure requires that an action be dismissed for failure to serve within 120 days, absent good cause. Fed.R.Civ.P. 4(m). The Court will order Plaintiff to show cause within ten (10) days of the date of this Memorandum and Order why his claims against the Mirths should not be dismissed for failure to serve.

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
At the time Plaintiff filed this lawsuit, he requested a preliminary injunction enjoining Defendants from distributing the proceeds of the disputed tax sale. The IRS voluntarily agreed not to distribute the sale proceeds until the case is resolved. (Defts' brief in support of Motion to Dismiss First Amended Complaint, at 8 n. 2). Therefore the Motion for Preliminary Injunction is moot.

DEFENDANTS' MOTION TO DISMISS ORIGINAL COMPLAINT
Because Plaintiff was granted leave to file a First Amended Complaint, the federal Defendants' Motion to Dismiss Plaintiff's original Complaint is moot.

DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT
The federal Defendants make the following arguments in support of their Motion to Dismiss Plaintiff's First Amended Complaint: 1) the Court lacks personal jurisdiction over Lloyd Bentsen, 2) the Anti-Injunction Act bars injunctive relief, 3) the Court lacks subject matter jurisdiction, 4) the First Amended Complaint fails to state a claim, 5) Plaintiff's Bivens claim is barred by alternate remedies, 6) the individual federal Defendants are entitled to qualified immunity, 7) *729 Plaintiff is not entitled to attorney's fees, and 8) an award of interest is barred by the doctrine of sovereign immunity. The Court need only address Defendants' third and fourth grounds for dismissing Plaintiff's claims against them.

Lack of Subject Matter Jurisdiction
Defendants move to dismiss Count I for lack of subject matter jurisdiction, presumably pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. Id. The motion must be granted if the plaintiff has failed to allege a necessary element supporting jurisdiction. Id. A court confronted with a factual challenge must weigh the conflicting evidence concerning jurisdiction, without presuming the truthfulness of the plaintiff's allegations. Land v. Dollar, 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 1011 n. 4, 91 L.Ed. 1209 (1947); Osborn v. U.S., 918 F.2d 724, 730 (8th Cir.1990). Defendants in the present case challenge Plaintiff's jurisdictional allegations on their face.
The doctrine of sovereign immunity bars any suit against the United States, its agencies, or its officers acting in their official capacities, unless Congress has specifically consented to waive such immunity. U.S. v. Baden Plaza Associates, 826 F.Supp. 294, 297 (E.D.Mo.1993); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1212 (1990); 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §§ 3654, 3655 (1985). Without a statutory waiver of sovereign immunity, this Court has no jurisdiction over Count I of Plaintiff's First Amended Complaint. U.S. v. Johnson, 853 F.2d 619, 622 n. 7 (8th Cir.1988).
Section 1346(b) of Title 28, United States Code, gives the district courts jurisdiction and waives the government's sovereign immunity as to Federal Tort Claims Act claims.[2] 28 U.S.C. § 1346(b). The Federal Tort Claims Act (FTCA) subjects the United States to tort liability to the same extent as a private individual, with several notable exceptions. 28 U.S.C. §§ 2674, 2680. One of the exceptions for which Congress refused to waive sovereign immunity is the tort of misrepresentation. 28 U.S.C. § 2680(h). The term "misrepresentation," as used in § 2680(h), refers to an intentional or negligent breach of "the duty to use due care in obtaining and communicating information upon which [a] party may reasonably be expected to rely in the conduct of his economic affairs...." U.S. v. Neustadt, 366 U.S. 696, 706, 81 S.Ct. 1294, 1300, 6 L.Ed.2d 614 (1961).
Plaintiff alleges that Defendant Debra Dufek "negligently and carelessly provided written information concerning prior liens," and that she orally advised potential bidders that the second deed of trust had been discharged, when in fact that information was false. (First Am.Compl., ¶¶ 13-14). In his responsive brief, Plaintiff explicitly characterizes Count I as a misrepresentation claim. (Pltf's Mem. in Opp. to Defts' Mtn. to Dismiss, at 6). Instead of attempting to distinguish his FTCA claim from a traditional misrepresentation claim, Plaintiff asserts without any authority that § 2680(h) "exempts from the waiver of immunity any action based on misrepresentation (related to the collection or, [sic] assessment of taxes or detention of property)." (Id). He then argues that Ms. Dufek's misrepresentations did not relate to the collection or assessment of taxes.
As the cases demonstrate, § 2680(h) applies to all misrepresentation claims, not merely those related to tax collection or assessment. See, e.g. Neustadt, 366 U.S. 696, 81 S.Ct. 1294 (United States immune from home purchaser's claim for negligent inspection and appraisal by Federal Housing Administration); Farmers State Sav. Bank v. *730 Farmers Home Admin., 891 F.2d 200 (8th Cir.1989) (FTCA bars bank's claim against Farmers Home Administration for misrepresenting that it would make loan to bank customers); City & County of San Francisco v. U.S., 615 F.2d 498 (9th Cir.1980) (FTCA precludes claim by unsuccessful bidders on lease of naval property that Navy failed to correct false statements by the successful bidder); Scanwell Laboratories, Inc. v. Thomas, 521 F.2d 941 (D.C.Cir.1975) (United States immune from claim that unsuccessful bidders on federal contract relied on Federal Aviation Administration's representations when preparing their bid), cert. denied, 425 U.S. 910, 96 S.Ct. 1507, 47 L.Ed.2d 761 (1976); United States v. Baden Plaza Associates, 826 F.Supp. 294 (E.D.Mo.1993) (FTCA barred housing developers's claim that it borrowed money in reliance on misrepresentations by the Department of Housing and Urban Development that certain housing subsidies would be available). Count I of Plaintiff's First Amended Complaint clearly asserts a misrepresentation claim, as to which the United States is immune. Therefore the Court will grant Defendants' Motion to Dismiss Count I for lack of subject matter jurisdiction.

Failure to State a Claim
Defendants argue that Count II of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim. Fed.R.Civ.P. 12(b)(6). In passing on a motion to dismiss, a court must view the allegations in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the complaint, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir.1978), cert. denied, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979).
Plaintiff asserts Count II against Defendants Dufek, Rice, and Shilling in their individual capacities, in the event the Court were to dismiss Count I.[3] (First Am.Compl., ¶ 31). In Count II, Plaintiff alleges that these three individual Defendants are liable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), for taking his $45,000 bid without just compensation, in violation of the Fifth Amendment.
Assuming Plaintiff's allegations are true, he fails to state a claim. "The Fifth Amendment does not require that compensation precede the taking." Ruckelshaus v. Monsanto Co., 467 U.S. 986, 1016, 104 S.Ct. 2862, 2880, 81 L.Ed.2d 815 (1984), citing Hurley v. Kincaid, 285 U.S. 95, 52 S.Ct. 267, 76 L.Ed. 637 (1932). "Generally, an individual claiming that the United States has taken his property can seek just compensation under the Tucker Act, 28 U.S.C. § 1491." Monsanto, 467 U.S. at 1016, 104 S.Ct. at 2880 (citations omitted). The Tucker Act creates jurisdiction in the United States Court of Federal Claims[4] and waives the government's sovereign immunity as to money damages for Constitutional violations. 28 U.S.C. § 1491. See also U.S. v. Causby, 328 U.S. 256, 267, 66 S.Ct. 1062, 1068-69, 90 L.Ed. 1206 (1946) ("If there is a taking, the claim is `founded upon the Constitution' and within the jurisdiction of the Court of Claims to hear and determine."). If a plaintiff has the option of seeking compensation under the Tucker Act, and that remedy is an adequate one, then any Constitutional takings claim is *731 premature. Monsanto, 467 U.S. at 1019, 104 S.Ct. at 2881; Glosemeyer v. Missouri-Kansas-Texas R. Co., 685 F.Supp. 1108, 1120 (E.D.Mo.1988), aff'd, 879 F.2d 316 (8th Cir. 1989), cert. denied, 494 U.S. 1003, 110 S.Ct. 1295, 108 L.Ed.2d 473 (1990).
A takings claim may be ripe for review by a district court if, in the federal statute effectuating the taking, Congress withdrew the Tucker Act grant of jurisdiction to the Claims Court. Monsanto, 467 U.S. at 1019, 104 S.Ct. at 2881. See, e.g. Preseault v. I.C.C., 494 U.S. 1, 110 S.Ct. 914, 108 L.Ed.2d 1 (1990) (National Trails System Act does not withdraw Tucker Act jurisdiction); Monsanto, 467 U.S. at 1019, 104 S.Ct. at 2881 (Federal Insecticide, Fungicide, and Rodenticide Act does not withdraw Tucker Act jurisdiction); U.S. v. Moseley, 761 F.Supp. 90 (E.D.Mo.1991) (Clean Water Act does not withdraw Tucker Act jurisdiction).
Plaintiff has cited no statute which withdraws Tucker Act jurisdiction over his claim for compensation and permits him to proceed with a Bivens takings claim at this time. The Claims Court's decision in Meek v. U.S., 26 Cl.Ct. 1357 (1992), aff'd, 6 F.3d 788 (Fed. Cir.1993), suggests that a Tucker Act remedy is available to Plaintiff. The facts in Meek are remarkably similar to those in the present case. Barjona and Roberta Meek sought a refund of the price they paid for real estate at a tax sale. They claimed that the IRS agent who conducted the sale had misrepresented that the property was free of encumbrances. The Claims Court found after trial on the merits that if there were any misrepresentations, they were made by the delinquent taxpayers' attorney, not by the IRS agent. Id. at 1366. The Court further found that the Meeks had voluntarily assumed the risk that the property was encumbered. Id. This Court must assume that Plaintiff's allegations are true, and that Defendant Dufek did misrepresent the status of the second deed of trust. Nonetheless, Meek provides clear authority for the availability of a Tucker Act remedy against the United States in this case.
As long as Plaintiff might obtain compensation from the United States, his Bivens claim against the individual federal Defendants is premature. Therefore the Court will grant the individual federal Defendants' Motion to Dismiss Count II.[5]
Although Plaintiff has filed no motion seeking leave to amend his First Amended Complaint, he requests in his responsive brief "that if there is an adverse ruling as to Count I and II that plaintiff should be given an opportunity to further amend to present a claim under 26 U.S.C. 7433." (Pltf's Mem. in Opp. to Defts' Mtn. to Dismiss, at 11). Section 7433 of the Internal Revenue Code provides in pertinent part,
If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States....
26 U.S.C. § 7433(a) (emphasis added). The plain language of § 7433 confers standing only on a taxpayer to sue for damages incurred in connection with the collection of his own taxes. See also Ferrel v. Brown, 847 F.Supp. 1524, 1528 (W.D.Wash.1993) (delinquent taxpayer's relative was not a "taxpayer" within meaning of § 7433, and could not use § 7433 to challenge tax lien against her property); Wilkerson v. U.S., 839 F.Supp. 440, 442 (E.D.Tex.1993) (same); Matrix Development Corp. v. U.S., 815 F.Supp. 297, 301 (E.D.Wis.1993) (same). Even if Plaintiff had *732 properly moved to amend his First Amended Complaint, the Court would deny leave.

UNITED STATES' MOTION FOR SUBSTITUTION
The United States seeks to substitute itself for the individual Defendants, arguing that the Federal Tort Claims Act authorizes suit only against the United States, and that the Bivens claim against the individual Defendants should be dismissed. Since the Court will grant the Motion to Dismiss Counts I and II against the federal Defendants, the United States' Motion for Substitution is moot.
Unless Plaintiff can show cause for his failure to serve Mark and Cindy Mirth, and can explain how Counts I and II state claims against the Mirths, the First Amended Complaint will be dismissed in its entirety.
ACCORDINGLY,
IT IS HEREBY ORDERED that Plaintiff William Wittmann show cause within ten (10) days of the date of this Memorandum and Order why his claims against Defendants Mark and Cindy Mirth should not be dismissed for failure to serve.
IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction [docket # 2] is DENIED as moot.
IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's original Complaint [docket # 3] is DENIED as moot.
IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [docket # 11] is GRANTED.
IT IS FURTHER ORDERED that the United States' Motion for Substitution [docket # 12] is DENIED as moot.
NOTES
[1] Plaintiff's First Amended Complaint does not articulate clearly which causes of action are asserted against which Defendants. However, Plaintiff clarifies his pleadings in a subsequent responsive brief. (Pltf's Mem. on Defts' Mtn. to Subst., docket # 14).
[2] Although Plaintiff's First Amended Complaint cites numerous jurisdictional statutes, Plaintiff clarifies in his responsive brief that he is relying on the Federal Tort Claims Act for jurisdiction over the United States. (Pltf's Mem. in Opp. to Defts' Mtn. to Dismiss, at 4-5, docket # 15).
[3] Plaintiff fails to specify in Count II whether his claim is asserted against Defendants Dufek, Rice, and Shilling in their official or personal capacities. However, Plaintiff states in a subsequent responsive brief that Count II raises only an individual capacity claim. (Pltf's Mem. on Defts' Mtn. to Subst., docket # 14).
[4] The district courts and the United States Court of Federal Claims have concurrent jurisdiction over Tucker Act claims not exceeding $10,000. 28 U.S.C. § 1346(a)(2). Absent some independent jurisdictional basis, the Court of Federal Claims has exclusive jurisdiction over Tucker Act claims exceeding $10,000. 28 U.S.C. § 1491; Bowen v. Massachusetts, 487 U.S. 879, 910 n. 48, 108 S.Ct. 2722, 2740 n. 48, 101 L.Ed.2d 749 (1988).
[5] Although the Court need not address this point, Defendants are correct in noting that courts are reluctant to recognize Bivens claims when Congress has provided adequate alternative remedies. See Schweiker v. Chilicky, 487 U.S. 412, 423, 108 S.Ct. 2460, 2467-68, 101 L.Ed.2d 370 (1988). The Eighth Circuit recently joined other Courts of Appeals in dismissing personal capacity Bivens claims against IRS officers based on the availability of tax remedies against the United States. Vennes v. An Unknown Number of Unidentified Agents of the United States of America, 26 F.3d 1448 (8th Cir.1994). Although the Court doubts that Plaintiff has any adequate tax remedies, he does appear to have a Tucker Act remedy. Therefore the Court would be reluctant to recognize a Bivens remedy.